*367
 
 E^s worth,
 
 Chief Juftice.
 

 Jn delivering ths opinior/Of the court, I ihall briefly confider the exceptions to the record* in the order in which they have been propofe.d at the' bar..
 

 I. The
 
 fir/i
 
 exception Rates, that the aft of the Legiflature of Virginia, pafled in the year, 1748, on which ’the • action is founded, as an action of debt, was not in force, when the bill of exchange was drawn, to wit, on the nth af
 
 Feh wry
 
 1793. • The queftion is, whether two. fubfequent acts of the Legifla-ture of that State,, pafled at a feflion in 1792 (namely, one of •
 
 November,
 
 declaring the repeal of the act of 1748, and another of December, declaring a fufpenfion of that repeal till
 
 OSiober
 
 1793J did in Repeal, and leave repealed, the faid adt of 1748 ? This, it is contended, nfuft have been their effect, . as afeertained and limited by two other flatutes, namely,, one of 1789, declaring, that the repeal of a repealing adl .ihall not revive the adt fir ft repealed; the other of 1783, declaring, that flatutes ihould take effedt from the day, on which they in. fadt pafled, unlefs another day. was. named. It muft be taken, ■ however, that the a.dlof 1748, remained in force; and
 
 that,.
 
 until after the bill was drawn, for the following reafons. x.,,. The adt, fufpending the repealing adt of
 
 November
 
 1792, is' not within the adt of 1789, which declares, that the repeal of a repealing act ihall not revive the adt firil repeáled. The fuf-penfion of an .adl: for a limited time,, is not a repeal of it: And the, adt of 1789, being in derogation of the common law, is.to be taken ftridtly. 2.The repealing adt, and the act fufpending . it, adts of the lame feflion, are, according to the
 
 Britifh
 
 con-flruction of flatutes, and the rule, which appears to have prevailed in Virginia, parts of the fame act, and.have effect from the fame day : and, taken together as'parts of .the fame, act, they only amount toa provision, that a repeal of. jhe act of 17.48, ihould take place at a day then future. The act of 1785, declaring the commencement of acts to he from.the' day, on . which they in fact país, does not apply here; for, by the third-fection of the act of 1789, it is provided, that when a qneflicii ' fliall arife, whether, a law pafled during any feflion .changes, or repeals, a former lav/ during the fame fefEon, which is the . prefent cafe, the fame coflruction ihall’ be made, as if the act ¿f \ T785, had never been pafled, that ip, both acts being of the fame . ieiiioa, ihall have the fame commencement, on the flrft day of the feifion. 3. The manifcfl intent of the fufpending act was, that the act, repealed by the repealing .act, ihould continue in force till a day then future, the "firil. of
 
 October,
 
 1793. it could ■have had-no other intent: -And the intention of the Legiflature, when difeovered, rauft prevail, any rule of conftruction decia- . red In previous acts to'the cqntcary^ctwkhflanding. Thus,
 
 *368
 
 *^6 aCt clearly was ’n ^orce when the hill was drawn. . ' '
 

 .11. The
 
 fccotid
 
 exception Rates, that there; is no averment' of a-proteft for non-acceptance of the bills.
 

 This exception is invalid on two grounds, i. Ic does not appear, that ih * bill wcs not. accepted, fo that there could have been: fuch proteft ; and, if accepted, it would have been immaterial for the Plaintiff to ihew, that it was fo, as his right' of action could in no mcafure depend on that fact. The filence of the.declaration as to the quaftian, whether the bill was accepted or not, doss not vitiate-it; the action being on a pro-teft for non-payment.
 
 %.
 
 A's to bills drawn in the
 
 United
 
 Statei ■and payable ih Europe, of which this-is one; the 'cuftom of merchants in this country does not ordinarily require, to recover on a proteft for non-payment, that a proteft for non-acceptance ihould be. produced, though the bills were no.taccepted. I fay the cuftom of merchants in this country; for the cuftom of merchants fomewhat varies in different countries, in order to accommodate itf lf to particular courfes of bufinefs, or other local circumftances.
 

 III. The third exception ftates, that the judgment is for too large a furn, the1 bill having been taken for fterling, when, by the act of-1775, it ought fo have been taken for current money of
 
 Virginia.
 
 That act requires, that if the confideration of a bill he a pre-exifting currency debitor be current money paid at the time of the draft, the bill fliall exprefs the amount of the debt! or currency paid, which was the real confideration. . And that on fajiur.e fo to do, the bill, though it may be expreff-ed for fterling, as in this cafe,- (hail- be taken to be for current money. The^ill is thus expreffed, wFor value received in “ current money;” but it docs not: fay how much. The jury, however, have; by their fpecial verdict afeertained, that the real confideration of the bi.ll was an engagement to draw other fterling bills. Now it-is clear, that the confideration in fact, though variant from the face of á bill, is regarded by the act, and muft be fought for,- to-gi ve the act effect. Upon inquiry the jury have found the "confideration to be fuch as to'fake the cafe out of the ftatute. In this bill theft, the words added to value" received, viz. .“in current money;” were immaterial and without effect: And, therefore, the words in the deqlara- ■ tion, as deferiptive of the bills, might be difregarded by the jury and the court.
 

 ■IV1
 
 Thefourth
 
 exception ftates, that the action is for foreign money, and its value is notaverréd. The-verdict cures . this. The jui;.y have found the value, -their verdict being in ■ dollars.- The v'álue of fterling money, here fued for, ha^ been long afeo tained-in
 
 Virginia
 
 by ftatute, and was certain enough.
 

 
 *369
 
 V. The
 
 fifth
 
 exception Rates, that the declaration is jn the debet, as well as the detinet, though for foreign money.
 

 The reafon of the rule, that
 
 debet.
 
 for foreign money is ill, is the uncertainty of its value; and, therefore, both the an-fwers given to the fourth, apply to this prefent, exception.
 

 Let the judgment of the Cireuk'Courtbe affirmed.