PENDLETON, President.
After stating the case, delivered the resolution of the Court as follows:
Dropping the objections of the blanks as wholly unimportant, the Court has considered the three which appeared to be worthy of notice.
1st. An act passed November 12th, 1792, relative to protested bills, repealing all former acts on the subject; and to commence from the passing.
The 28 th of December, 1792, an act passed declaring the operation of this and many others, alike circumstanced, to be suspended until October, 1793.
During this suspension, to wit: in February, 1793, this bill was drawn; and would, within the saving of the new act of November, 1792, be considered as commencing in October, 1793.
But, it is relied on, that the act of November was in force from its passage till December 28th; and, therefore, that under the act of 1789, the law of 1748 was effectually repealed, dead and gone for a month and sixteen days; and, could only be revived by an express declaration of the Legislature. Because, since the act of 1789, the repeal of a repealing law does not revive the repealed law, without a direction to that effect.
*350 It was truly said by Mr. Marshall, that the rule in England was the reverse; a repealed law was revived by the repeal of that which had stopped its force. * A rule certainly inconvenient; since old acts, long since forgotten, might be revived upon the community; affecting their persons and property upon a legal fiction, without notice that such was the case: Which inconvenience was properly removed by the act of 1789.
But, as the inconvenience could not happen in the case of the repeal of an act passed the same.session, (not gone forth among the citizens, but known only to the Legislature,) I was struck with an impression, that to such laws the Legislature never meant their rule should extend; and doubted, whether this being a repealing law, never repealed, but suspended only for a time and yet in force, came Within the letter or spirit of the act of 1789? However, we were relieved from all difficulty by recurring to the act itself, where the doubt is stated and solved.
For, by the 3d sect, it is enacted, “ that as often as a question shall arise, whether a law passed during any session, changes or repeals a former law passed during the same session, the same construction shall be made, as would have been made, if the act concerning election of members to the General Assembly had never been made. ” [13 Stat. Larg. c. 9, p. 9.]
The act referred to, passed in October, 1785, [c. 5, 12 Stat. Larg. 128,] contains a clause, “ that all acts shall commence from their passage, unless in the act itself, another day is appointed for its commencement. ” Which law-being declared to have no operation on the question, what was the rule of construction, before ? Why, that all laws were considered as passed on the first day of the session. According to this rule then, the original act, and that for its suspension commenced together; which puts an end to this hair-splitting discussion; and, to the objection on this point in the cause, †
2d. The second objection is founded on a supposition, that bare notice of a protest is not sufficient, but that the bill must be presented protested, to entitle the holder to damages, for more than eighteen months, from the date of the bill; which not appearing in this case to have been done, the judgment is wrong for so much damages as ex *351 ceeds the eighteen months. The question about the presentation is all important, as it would interfere with the common practice of the country to rest it upon notice only; and, if it had been necessary, in this case, to decide it, we should have required a fuller Court.
But, we suppose it unnecessary. The appellant’s counsel admits, that the notice charged in the declaration, is sufficient to entitle the plaintiff to his action; and, it follows, that the question of the presentation was to be brought forth, at the trial, in order to settle the quantum of the recovery. Therefore, since the jury have found the whole damage, without any statement of the evidence or exception as to this point from the appellant, we are to presume they had evidence of the presentation if it was necessary. On this point, then, we think there was no error. Besides, there were but fourteen months, from the date of the bill, to the commencement of the suit, which puts an end to the objection.
3d. Nor have we a moment’s doubt upon the third objection, but that there was error in the judgment of the Court upon the verdict, which should have been entered for the amount in current money, and not in sterling.
When the act of 1748 passed, the execution on all sterling judgments was to be levied in current money at 25 per cent., for difference of exchange; which was found to be inconvenient, from the fluctuating state of exchange; and, therefore, by the act of 1755, [c. 7, 6 Slat. Larg. 479,] the Courts were empowered to settle the rate of exchange at the time of giving the judgment; and, in order to enable them to distinguish between bills bought at a low exchange, knowing that they would be protested, (then too frequent in practice) from such as were drawn in the ordinary course of business at the current exchange, the law required, that in all bills drawn for current money debts or for current money paid for them, the sum of money paid or allowed, should be expressed in the bill; or, in default thereof, the sum of money, expressed in such bill, should be taken as current money, and judgment entered accordingly.
In this bill, it is expressed that it was drawn for current money received; and, the sum of that current money not mentioned. It is, therefore, clearly within the law; which is imperative, that the judgment shall be entered for current money.
*352 • On this point then, the Court is of opinion there is error. judgment- must 'therefore be reversed; and one eritered for the 410/. 105. (if the calculation be right) current money; with one penny damages and the costs; and, five per centum per annum, from the judgment till payment.

[* 2 Inst. [686.] Allen v. Harrison et al. 3 Call, 289,

[† Brown v. Barry, 3 Dall. 365; 297.)