COURTNEY (SWOPE v.). See Case No. 13,- 703.

## Case No. 3,286.

### COURTOIS v. CARPENTIER.

[1 Wash. C. C. 376.][1]

Circuit Court, D. Pennsylvania. April Term, 1806.

PROMISSORY NOTE PAYABLE IN MERCHANDISE — LAW OF PLACE—JUDGMENT THEREON — CUSTOM AND USAGE—INTEREST.

1. Action on a note payable in sugar, and given in Guadaloupe, where a particular custom prevails, in relation to the payment of such notes, in sugar.

2. The law of the country, where the contract is made, must govern it; but, as in the courts of the United States, a judgment can only be given in money, no other recovery can be had upon a note for a certain sum of money to be paid in sugar, than for the sum of money mentioned in the note.

[Cited in Taylor v. Carpenter, Case No. 13,- 785.]

[See Searight v. Calbraith, 4 Dall. (4 U. S.) 327.]

3. When, by the law or custom of the country where such notes are given, no interest is payable upon them until judgment is obtained upon them; in the courts of the United States, interest before judgment, will not be allowed.

The plaintiff and defendant having been once subjects of the French government, and residents at Point Petre, in Guadaloupe, the defendant gave his note, 12th April, 1793, promising to pay to the order of plaintiff, 7,812 livres, 16 sous, in sugar, as money, value received. The defendant is now a naturalized citizen of the United States. The defence was, that these notes, in the island of Guadaloupe, form a kind of circulating medium; there being very little cash passing between the merchants and planters, or merchant and merchant. That when payment is to be made, or suit brought, three persons are called upon to value the sugar, and say how many pounds of sugar should be delivered, in satisfaction of the sum mentioned in the note: that these sugar notes are always in a state of depreciation, from twenty-five to forty per cent. below cash: that, in 1793 and 1794, it would have been easier to pay 3,000 dollars in sugar, than one in cash: that these notes only bore interest from the time judgment was rendered, or they were registered before a notary. On these facts, which were proved, the defendant insisted, first; that the jury should value the 7,812 livres at the depreciation thus proved; and, secondly, should give no interest.

Mr. Rawle, for plaintiff.
M. Levy, for defendant.

WASHINGTON, Circuit Justice (charging the jury). The laws of the country, where this contract was made, must govern. These notes were payable in Guadaloupe, in sugar, at a valuation. The defendant, being sued

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

here, cannot complain, if his situation is not made worse than it would have been in Guadaloupe. But, as according to our forms of proceeding, (and, as to them, the laws of our country must govern,) a judgment cannot be rendered for sugar; the value in money must be given, which, in effect, is the precise sum stated in the note. For, whether the sugar was worth one livre or seven livres per pound, still, when that sugar is turned again into money, it must come to the same sum. As to the fact of the depreciation of these notes, it should not be considered any more than in rendering judgment on bonds here, which we all know will sell, in some cases, at a considerable discount for cash. As to interest, none should be allowed; because, it is proved, that, at Guadaloupe, they do not carry interest, but from the judgment or registration.

The jury found a verdict for plaintiff.