## Case No. 6,336.

### HELLEN v. BEATTY.

[2 Cranch, C. C. 29.] [1]

Circuit Court, District of Columbia. Oct. Term, 1811.

ACTION OF DEBT—PLEA OF PLENE ADMINISTRAVIT.

Under Act Md. 1798, c. 101, c. 8, § 15, the court, and not the jury, is to ascertain whether the defendants paid away all the assets before notice of the plaintiff's claim.

Debt upon a bond. The defendants [Beatty's administrators] pleaded that they first had notice of the plaintiff's claim on the first of November, 1809, when they had fully administered; and laid a rule on the plaintiff to reply.

Mr. Morsell, for plaintiff, contended that under the Maryland Act of 1798, c. 101, subc. 8, § 7, he was not bound to reply.

Mr. F. S. Key, for defendants. It is not a plea respecting assets, but respecting notice; and the want of notice before paying away all the assets, is an absolute bar to the action under the 15th section of the same chapter of the act.

Mr. Morsell, contrà. The only question is whether the plaintiff is bound to reply to the plea of plene administravit. The object of the act of assembly is to prevent the administrator from being liable out of his own estate; not to prevent judgment for assets quando acciderint. The act intends only to discharge the administrator from those assets which he has paid away without notice. All the assets, means all in hand, or of which he had possession. The debt is not discharged.

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion, under the 15th section of chapter 8, that no judgment could be

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

rendered, as the defendants showed a plene administravit, and that the court, not the jury, is to ascertain whether the defendants paid away all the assets before notice.