Thatcher, J.,
delivered the opinion of the Court.
* As this action is brought for the use of Darling, and [*123] there being no question as to the assignment, or the notice thereof to the defendant, there can be no doubt that any acts, which would have been previously necessary to be done by the plaintiff, to entitle him to recover for himself had there been no assignment, will avail now in this action, although done by Darling.
The first inquiry is, What is the real meaning of the contract, or wf it are the rights and duties of the parties under it ? And, secondly, What effect has the proposition made by Darling to the defendant, just before the expiration of the twenty days, if assented to by the latter, upon the contract ? and, thirdly, upon the supposition that the proposition made by Darling was not assented to by the defendant ?
Though the contract seems to be made up of parts of a note, put together a little out of the usual-arrangement of such instruments, this is easily accounted for by adverting to the particular manner in which it was probably drawn up ; nor does it at all perplex its import, which is clearly intended to allow the defendant twenty days to prepare himself to perform the work mentioned in it, after he should be first called upon to do it; although it might not have been so intended when the first part of the note or contract was written. There seems to be no doubt, in my mind, that the note in question was written to the word ‘‘demand,” and calculated by .the writer, or the plaintiff, to be the whole contract, and was, in that state, handed to the defendant to subscribe. But on reading it he observed, that he could not agree to its terms ; that he had frequent engagements, which would interfere with his performance of this, unless he could have some previous notice, which would enable him to prepare for its fulfilment. Upon this the plaintiff probably wrote the provision contained in the contract for twenty days’ notice. Thus the defendant was accommodated in this engagement to his general line of business, while the plaintiff was not delayed or injured. By always referring to the ordinary course of human transactions, the particular modes of a man’s occupation, *and the most [*124] common events of providence, as they result from known general laws in the natural world, the real, honest intention of people can hardly be mistaken, if we are honest and upright ourselves.
The meaning of the note, then, is clear, and the reason why the defendant was to have twenty days’ notice previous to his being obliged, *112 at the risk of being exposed to an action, to commence his work And, by the same philosophy of common sense, we may conclude, that, within that time, the defendant ought not to impose his performance of labor upon the plaintiff or his assignee ; although proposals on one part or the other, with express or implied assent, will always supersede legal niceties.
Now this same common sense, applied to the second inquiry in the '.ause, which seems to have created all the difficulty, will equally avoid all embarrassment. J allude to what took place, at the house to be painted, between Darling and the defendant, a day or two before the period of grace, as it may be called, or twenty days after notice had expired. The defendant was viewing the house to enable him to judge what materials would be wanted, and to make the arrangements necessary to discharge his obligations to the plaintiff, or to Darling, the person interested. Darling observed to him, as he undoubtedly noticed, the house was hardly then in a state to be painted, and that he was not quite ready for him to begin the work, but would let him know when he should be ready for him.
This may be considered as a proposition on the part of Darling to the defendant, for him not to commence his work, as he had a right to do, at the expiration of the twenty days ; and a declaration, that, if the defendant did not, he, Darling, would not consider him as guilty of any default. To this proposal the defendant might have -said, “ You have given me notice, and I shall proceed to discharge my duty under the contract. T cannot lose my time ; ” and, had he so expressed himself, I do not see but that the loss must have been Darling's, if the defendant bad appeared at the [* 125] * expiration of the twenty days, and tendered his services according to the contract.
But the defendant made no such reply ; he did not assert his rights, as he might have done ; but went away making no reply. This silence, and the circumstances attending it, were proper evidence to be left to the jury, of an assent.
It appears, that the house was ready for painting in ten days ; and Darling gave notice to the defendant, and requested him to commence the work immediately. This was on the 11th of December, not more than twelve or thirteen days after the proposition for a postponement made by Darling to the defendant. The defendant replied, that he was then engaged in a job, and could not comply ; and claimed another period of twenty days, to finish his job and prepare for the work he had engaged to perform for the plaintiff.
Now, was this the intention and expectation of the parties ? or could it be the expectation of the defendant ? It is clear to my mind that it was not, and it could not be so considered in any mode of construing the intention of persons, upon a particular subject be- *113 (ore the eyes of the parties, where both saw the thing to be done The defendant, as well as Darling, saw and knew that a very few days would be sufficient to finish the house for painting ; and it was known to the defendant, that Darling wished to have the house painted as soon as it was in a state of preparation. It would be contrary to common sense to suppose that the parties, with this knowledge of facts and of each other’s intentions, could consider that twenty days were to be allowed after this readiness and notice to the defendant took place.
The natural, common sense meaning of the proposal, made by Darling to the defendant, in the conversation while they were viewing the house, and the silence of the latter on the occasion, connected with this further fact, that the defendant did not commence or tender ms work at the expiration of the twenty days, amount to an agreement that the twenty days should be extended to a further time, well fixed, from probabilities, not to exceed eleven or twelve days ; during which time the * parties were to continue to [ * 126 each other, as to their rights and duties, just as they had been from the notice on the 10th of November to the end of the twenty days ; and that, in all respects, their rights and liabilities to action should be the same as if, instead of Darling's giving notice to the defendant on the 10th of November, that he should want the painting done in twenty days, he had notified him that he should want it done by the 11th of December, and the defendant had assent ed then to commence his work.
If we are right in our construction of the proposal, supposed to be made by Darling to the defendant during their view of the house, the result will be the same as to the plaintiff’s right to recover, al though it should turn out on trial, that the defendant did not agree to the proposition of postponement; for, in that case, the proposal goes for nothing, and the contract remains in all respects between the parties as if no postponement had been proposed, and the obligation of the defendant to commence his work at the end of the twenty days, or to tender his services, remained in full force ; which, not being fulfilled, the contract was broken by him.
Upon these considerations, we are all satisfied, that the direction of the Chief Justice at the trial was correct ; and that the most that the defendant could be allowed, after notice of the house being ready ior painting, was, a reasonable time to begin his work after the 11th of December ; and this, with the other point, being wholly left to the jury, was considered and determined by them in favor of the plaintiff.
But, the Court being of opinion that the jury ought to have given their verdict for the nominal amount of the note, with interest from the time the work was to have been done, a new trial is to be granted *114 if the plaintiff thinks best to move for it; otherwise, judgment is to be rendered upon the verdict, with interest upon the sum found by it, to the time of the judgment.