Tilghman, C. J.
delivered the opinion of the Court.
In the English Courts this would not now be a question, as it is settled that both a protest for non-acceptance and notice of the protest are necessary. But the law of bills of exchange is founded on the custom of merchants, and that custom being different in different countries, it cannot be said that the law is universal. It seems that in the United States of America, the custom, and, consequently, the law, with respect to the non-acceptance offoreign bills, have been different from those of England. This is proved by two cases of the highest authority, decided by the Supreme Court of the United States, in the years 1797 and 1799.f In the first of these cases (Brown, in Err. v. Barry, 3 Dall. 365) the declaration did not charge, that the bill was protested for non-acceptance, or that it was presented to the drawee for acceptance, or that he was required'to accept it. This omission was urged as a reason for arresting the judgment in the Circuit Court of Virginia, but overruled ; and the judgment of the Circuit Court was affirmed by the Supreme Court of the United States. Chief Justice E'lsworth, who delivered the opinion of the Supreme Court expressed himself as follows : “ As to bills drawn in the United States, and payable in Europe, of which this is one, the custom of merchants in this country does not ordinarily require, to recover on a protest for non-payment, that a protest for non-acceptance should be produced, though the bills were not accepted. I say, the custom of merchants in this country, for the custom of merchants somewhat varies in different countries, in order to accommodate itself to particular courses of business, or other local circumstances.” The declaration, in this case of *358 Brown v. Barry, did not say whether the bill was accepted or not, and, therefore, it was argued that perhaps it was accepted, in which case it would have been impossible that there should have been a protest for non-acceptance. This argument was considered by the Supreme Court as satisfacalthough they also thought, as declared by the Chief Justice, that no protest was necessary, even where the bill was not accepted. But in the other case of Clarke (in err.) v. Russel, the non-acceptance was averred in the declaration, without any averment of protest, or of notice of non-acceptance. The plaintiff declared that the defendant, in consideration that he (the plaintiff) would indorse seven sets of exchange drawn by A. of New York, on B. of London, promised, that if the said bills should not be paid by B., and the plaintiff, in consequence of his indorsement, should be obliged to pay them, he (the defendant) would pay the same, if the drawer would not pay them ; that the plaintiff did indorse the said hills, and that B. did not accept or pay them, but that the said bills were in due form of law, protested for non-pay~ ment, of which non-payment and protests, due notice was given to the drawer and to the plaintiff; by reason whereof the plaintiff was obliged to pay the said bills, and did pay t'hem, and the drawer, though requested, refused to pay &c. The Circuit Court of Rhode Island permitted the bills to be read in evidence, without a protest for non-acceptance ; an exception was taken to their opinion, and their judgment was affirmed on a writ of error in the Supreme Court of the United States. Chief Justice Elsworth, who delivered the opinion of the .Supreme Court, declared, “ that according to a general rule laid down by that Court, in Brown v. Barry, from which rule there appeared no special circumstances to exempt the case before them, that exception would not hold.” But, in order to evade the force of these cases, it is said, that although a protest be not necessary, yet notice of non-acceptance is necessary. To be sure, a protest for non-acceptance, and notice of non-acceptance, are different things, and notice may be given, though no protest was made ; yet it must be confessed, that if notice be necessary, it would be proper to follow the English custom, which requires a protest also, because a protest is the most authentic proof of non-acceptance. Moreover, it cannot escape observation, that in neither of the cases which I have cited, was there the least intimation from *359 the Court, that proof of notice was necessary ; nor does the report make any mention of evidence of notice on the trial. Indeed, if notice was necessary, there was manifest error in , _ , . ... • . , Clarke v. Russel, because the declaration averred the nonacceptance, without averring notice. On that point the law was settled in this State by the unanimous opinion of the High Court of Errors and Appeals, in the case of Miles (in error) v. O'Harra, (July, 1807,) where the judgment of the Supreme Court was reversed, because it was not averred in the declaration that notice of non-payment of an inland bill was given to the drawer, against whom the action was brought by the payee. It was the opinion of the Court of Errors, that notice not being averred, it could not be presumed that it was proved at the trial, because the plain,tiff was not bound to prove what he had not averred. Now apply that principle to the case of Clarke v. Russel, and it shews, that notice of non-acceptance was not necessary to be proved, otherwise the judgment should have been reversed, because it was not averred. I must confess, however, that until I examined critically the cases of Browne v. Barry, and Clarke v. Russel, I had inclined/to the -opinion that notice was necessary ; because, in many cases, it might be useful, and the giving of it would impose no hardship on the holder of the bill. I pay great deference, too, to the opinions of the Supreme Courts of New Tork and Massachusetts, and of Judge Story, who, in his note to Chitty on Bills, seems to take for granted that notice is necessary, and suggests the propriety of reconsidering the two decisions of the Supreme Court which have been mentioned. But if these decisions have had an influence on the conduct of merchants, as I think they probably have had, at least in this city, it would be unjust in this Court to take upon itself, all at once, to alter the law upon a principle of supposed expediency. I have taken pains to inform myself of the usage in Philadelphia, and find that notice of non-acceptance is sometimes given, and sometimes not; but those merchants who have been most conversant in bills, do not understand that the drawer is discharged for want of notice of non-acceptance, provided he receives notice of non-payment.
The European nations do not all agree with England as to the necessity of notice of non-acceptance. I understand the law of France to be, that if the holder of a bill thinks proper *360 to proceed against the drawer or a prior indorser, for non» acceptance, he must bring his action (the only notice known to the French law) in reasonable time. But he is at liberty to wave th*3 action for non-acceptance, and bring an action for non-payment, in which case, he is not put to proof of notice part-non-acceptance. The reason assigned by the English for recIuiring a protest and notice of non-acceptance, is, that in consequence of such notice, the drawer may take measures for withdrawing his funds from the hands of the drawee. And the reason why such protest and notice may not have been required in America, in case of bills drawn upon Europe, probably was, that in the state in which commerce and navigation stood at the time when the usage commenced, notice of the non-acceptance of a bill, payable at thirty or sixty days sight, would hardly be received here before the day of payment arrived. And we know very well, that nothing is more common than the punctual payment of bills, which have been noted for non-acceptance.
If, however, it should be found, that, in the present state of commerce, the want of notice is productive of serious inconvenience, it will be better to declare it necessary by an act of the Legislature, which will have no retrospect, than by the judgment of this Court, which will affect past transactions. I am, therefore, of opinion,, that the motion for a new trial should be refused, and judgment entered for the plaintiff.
New trial refused, and Judgment for the plaintiff,