53 U.S. 426
 12 How. 426
 13 L.Ed. 1051
 THE UNITED STATES, APPELLANTS,
v.
ALEXIS PORCHE.
 December Term, 1851
 
 THIS was an appeal from the District Court of the United States for Louisiana.
 It was a land case arising under the act of 1824, as revived by the act of 1844.
 On the 8th of March, 1848, Porche filed his petition in the District Court, claiming a confirmation of an order of survey made by Governor Miro in 1788. It is not necessary to state the title, as the case went off on a question of jurisdiction.
 The District Attorney put in a plea that the two years within which, by the act of 1824, petitions were to be presented, had elapsed at the filing of the petition, and that no suit could be brought against the United States after the 17th of June, 1846.
 The court overruled the plea, and the District Attorney then answered, repeating his plea of limitations, and also denying the allegations of the petition generally.
 After sundry proceedings, which it is not necessary to state, the District Court, on the 6th of June, 1849, passed a decree confirming the claim.
 From this decree the United States appealed to this court.
 It was argued by Mr. Crittenden, (Attorney-General), for the United States, and by Mr. Henderson for the appellees.
 Mr. Crittenden contended that the decree ought to be reversed, because,
 1. That the court below had no jurisdiction, because the petition was not filed within the two years limited by the fifth section of the act of 1824. That section enacts, that any claim within the purview of the act, which shall not be brought by petition before the said courts 'within two years from the passing of this act, or which, after being brought before the said courts, shall, on account of the neglect or delay of the claimant, not be prosecuted to a final decision within three years, shall be forever barred, both at law and equity, and no other action at common law, or proceeding in equity, shall ever thereafter be sustained in any court whatever in relation to these claims.' The act reviving the act of 1824, was passed 17th June, 1844; consequently the two years expired on the 17th June, 1846. The petition in this case was not filed until the 8th of March, 1848, nearly two years after the expiration of the time limited.
 In answer to this point it is first said, on the part of the claimant, that the objection was waived by the District Attorney having put in his answer after the plea had been overruled.
 The objection, however, was insisted on in the answer, as well as in the plea; but whether this had been so or not is immaterial, because the objection is one affecting the jurisdiction of the court. The jurisdiction is confined to claims, the petitions in which are presented within two years, and no consent or waiver can confer any more extended jurisdiction. It is also said that the right to institute proceedings extends to five years, under the act of 1844. This question was settled to the contrary in Boisdore v. United States, 8 How., 120.
 But it is further said, that the time for filing petitions limited in the act of 26th May, 1824, was extended by the second section of the private act, entitled 'An act for the relief of Phineas Underwood, and for other purposes,' of the 22d May, 1826, which enacts, 'that the time for filing petitions under the provisions' of the act of 1824, 'shall be, and the same is hereby, extended to the 26th day of May, in the year 1828.' 1 Land Laws, 419.
 There is another act relating to the same subject, not referred to in the brief on behalf of the claimant. It is an act of the 24th May, 1828, entitled 'An act to continue in force for a limited time, and to amend an act entitled,' &c., being the act of 1824. It enacts, in the first section, that the act of 1824 shall be continued in force 'for the purpose of filing petitions in the manner prescribed by that act, to and until the 26th day of May, in the year 1829; and for the purpose of enabling claimants to obtain a final decision on the validity of their claims in the courts of Missouri and Arkansas respectively; the said claims having been exhibited within the time above specified, the said act shall be continued in force to and until the 26th day of May, 1830, and no longer.' 1 Land Laws, 442.
 By these acts of 1826 and 1828, the time for filing petitions was extended three years, in addition to the two given by the act of 1824. It will be insisted on hereafter, that the act of 1844 revived only and exclusively the act of 1824. But even if it should be held that the acts of 1826 and 1828 were revived, as well as the act of 1824, for other purposes, yet, for the purpose of extending the time for filing petitions, they were not so revived. There would be something in the argument if these acts had extended the time for filing two years, and one year longer; but the language employed 'to the 26th day of May, 1828'—'to and until the 26th day of May, 1829,' excludes the idea that these portions of the acts could be revived by the act of 1844. They afforded the relief intended at the time to claimants, but it cannot be extended by analogy to those claiming under the act of 1844.
 But the act of 1844 revived only that of 1824. This question has been twice presented to the court, as arising on the point whether it was necessary for the claimants to make individuals holding any portion of the lands adverse to the claimants parties to the petition. The act of 1824 directs them to be made parties, but the act of 1828 repeals this direction. This brought up the question. The case in which the point was raised went off on other grounds, and was never decided by this court.
 It was maintained, on behalf of the United States, that the act of 1844 revived only that of 1824, as follows:
 It is said that the act of 1844 revived the act of 1824, as taken in connection with that of 1828. That, however, must depend upon the intention of Congress, to be gathered from the language of the act itself. 1st. It refers to the act of 1824 by its name, reciting both its date and title. It does not revive the whole of its provisions, but expressly excludes all such portions of said act as referred to the territory of Arkansas. Here is a special reference to this act only, in a form of expression as clear and perspicuous as can be employed. Again, it says, 'and the provisions of that part of the aforesaid act hereby revived.' What is still more conclusive and decisive is the following provision, thus—'as if these states had been enumerated in the original act hereby revived.' The act of 1824 is not only declared to be revived, but reenacted, excluding all such portions of said act as referred to the Territory of Arkansas.
 It is not reasonable to suppose that Congress intended to revive and re-enact the whole of the act of the 24th May, 1828, because no part of the first section could be of any avail. No exceptions are made in regard to this act, and no reference is made to it; while in regard to the act of 1824, the parts rejected are carefully excluded, and the residue only is revived and re-enacted. The established rules of construction show, that where a part is named and excluded, the residue is re-enacted. Expressio unius est exclusio alterius. Co. Litt., 210 A, 1836; Bro. Leg. Max., 183, 187.
 Every part of the act of 1824, except what relates to the Territory of Arkansas, is revived and re-enacted by express words; the court will readily perceive that this case is distinguishable from one reported in 7 Cranch, 382. In that case the language of the reviving act was general in the reference to the acts which had expired; here it is special and specific, and, by several modes of expression, negatives any such general inference. There is a plain repugnance between the first and eighth sections of the act of 1824, and the second section of the act of 1828. If, therefore, the law of 1824 is revived and re-enacted, it is clear that the law of 1828 remains a dead letter.
 Questions bearing a strict analogy have often arisen upon repealing statutes, whether it was the intention of the framers to repeal the whole or only a part of the acts to which such repealing statutes were applied. No better mode occurs of illustrating the subject, than by referring to the standard rules of construction which have been adopted by the courts in such cases. The word repeal is not to be taken in an absolute sense, if, from the whole, it appears to be used with a limitation. In every case it is a question of construction, whether it operate as a total, or partial, or temporary repeal. Rex v. Rogers, 10 East, 573.
 Where several acts of Parliament, upon the same subject, had been totally repealed, and others repealed in part, it was held that it must have been the clear intention of the legislature that only the part of an act particularly pointed out should be repealed. Camden v. Anderson, 6 T. R., 723; Dwar. on Stat., 675.
 The general principle undoubtedly is, that the repeal of a repealing statute revives the first act, unless the new law contained words indicative of a contrary intention of the legislature; in which case no such consequence follows.
 So, it is said, if an act of Parliament be revived, all acts explanatory of that so revived are revived also; which may be true, unless in the latter case, as in the former, the language of the act authorizes a different interpretation. The Bishop's case, 12 Co., 7; Tattle v. Greenwood, 4 Bing., 496; Dwar. on Stat., 676; Brown v. Barry, 3 Dall., 367.
 And where some parts of a revived statute are omitted in the reviving statute, they are not to be revived by construction, but are to be considered as annulled. Ellis v. Paige, 1 Pick. (Mass.), 43, 45; Rutland v. Mendon, Id., 154; Blackburn v. Walpole, 9 Id., 97.
 The law does not favor implications in construing a repealing or a reviving statute. Loker v. Brookline, 13 Pick. (Mass.), 342, 348; Haines v. Jenks, 2 Id., 172, 176; Dwar on Stat., 675.
 Mr. Henderson, for the appellee.
 We first submit to the consideration of the court with the argument at hearing, a motion to dismiss this suit, for reasons——
 1. Because the claim being for less than 1000 acres of land, is not appealable. We believe this was the intention of Congress. See 9th sect. act 26th May, 1824.
 2. Because the record on which the appeal was taken to December term, 1849, was not filed in this court till 28th February, 1850.
 Should this motion be overruled, we further submit that as the merits of the case upon the facts obviously sustain the decree, therefore we think, the only point deserving note, is the plea in bar interposed, that the suit was not instituted till after two years from the date of the act of 17th June, 1844.
 To this objection in this court our answer is twofold. 1st. That as the United States answered to the merits, after their plea had been overruled, the objection was waived, and cannot now be reviewed in this court. To have made that objection available here, the United States should have suffered judgment final upon the plea, and appealed from that judgment. United States v. Boyd, 5 How., 51; 16 Pet., 93, 94.
 Our second answer is, that the judgment on the plea was right, because the right of action given by the act 17th June, 1845, 'to institute proceedings to try, &c., extends to five years; or if not, and the time given to institute the suit is the same as was given to Missouri, then the limitation is four years from 17th June, 1844, to 17th June, 1848. Because the fifth section of the act of 1824 was by the act of 22d May, 1826, extended by amendment to 26th May, 1828; hence the 5th section of the act of 1824 was by said amendment a limitation of four years, and only expired as so amended.' And this act, thus liberally construed, avoids this plea as to time.
 Mr. Crittenden, in reply.
 Two objections are taken to the appeal:
 1st. It is said that no appeal lies, the claim being for less than one thousand acres.
 By the latter part of the second section of the act of 1824, it is provided as follows: 'And in all cases, the party against whom the judgment or decree of the said District Court may be finally given, shall be entitled to an appeal within one year from the time of its rendition to the Supreme Court of the United States.' That is the language of the law.
 It is supposed, however, that the ninth section restricts the United States in the right of appeal thus given to both parties. This section declares that it shall be the duty of the District Attorney, where the claim exceeds one thousand acres, and the decision is against the government, to report the facts of the case to the Attorney-General, and the decision of the court; and if he shall be of opinion that the decision is erroneous, it shall be his duty to direct an appeal to the Supreme Court, and to appear and prosecute the said appeal. This section, it is very clear, however, is merely directory to the officers named in it; and it was so decided by the court in Curry and Garland v. United States, 6 How., 111. Its intention is obvious, to provide for greater care being taken in cases of large grants; and it in no way abridged the right of appeal given to both parties in all cases by the second section.
 2d. It is said that the appeal should be dismissed, because the record was not filed till 28th February, 1850.
 The decree in the case was delivered on the 8th June, 1849; and on the same day an appeal was prayed and allowed, and citation issued, returnable to December term, 1849. The record was filed on the 28th February, 1850, during that term, which did not end until May. The point must have been made by the other side under some misapprehension.
 Mr. Chief Justice TANEY delivered the opinion of the court.
 
 
 1
 It is evident that the District Court had no jurisdiction in this case, and the petition ought to have been dismissed.
 
 
 2
 The act of June 17th, 1844, under which the petition was filed, extended to Louisiana the act of 1824, and revived such parts of it as had expired. Under this provision, the fifth section of the act of 1824 was revived, and became a part of the law of 1844. And by this section, the time for filing a petition by a claimant under a French or Spanish grant, is in express terms limited to two years from the passage of the law. The time limited, therefore, for filing a petition in Louisiana, expired on the 17th of June, 1846, and this petition was not filed until March 8th, 1848, long after the time fixed by the law. 8 How., 119.
 
 
 3
 The acts of 1826 and 1828, referred to in the argument, can have no bearing on the question. They are not mentioned, nor in any manner referred to, by the act of 1844. They were special laws enlarging the time given by the act of 1824 to claimants in Missouri and Arkansas to file their petitions. But they are not extended to Louisiana by the act of 1844. Nothing but the act of 1824 is extended. As to the supposed waiver by the District Attorney of his objection as to the time of filing the petition, by answering after his plea was overruled, it must be made, we suppose, upon a mistake as to the fact. For in his answer he insists upon the same defense. And he had a right to avail himself of it by way of answer as well as by plea. But if he had, in express terms, waived it, and entered his waiver on the record, it would not have given jurisdiction to the court, when the act of Congress had not conferred it.
 
 
 4
 The objection to the regularity with which the appeal was brought up must also, we presume, have arisen from some oversight in the counsel. The record shows that it has been brought up regularly according to the provisions of the act of Congress. The objection that an appeal will not lie on behalf of the United States, where the claim is less than one thousand acres, is too clearly untenable to require discussion.
 
 
 5
 And as the petition was not filed within the time limited by law, it is not necessary to examine into the merits or want of merits of the claim. The decree of the District Court must be reversed, and a mandate issued directing the petition to be dismissed.
 
 Order.
 
 6
 This cause came on to be heard on the transcript of the record from the District Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby, reversed and annulled; and that this cause be, and the same is hereby, remanded to the said District Court, with directions to dismiss the petition of the claimant.