### Thomas Howe *vs.* Edward G. Nickerson.

**A bill in equity will not lie to enforce specific performance of an award to pay a certain number of dollars in gold.**

Bill in equity to enforce specific performance of an award of arbitrators " that Edward G. Nickerson shall pay Thomas Howe forty-six dollars and twenty-seven cents in currency, and eighteen hundred and ninety-seven dollars and fifty-one cents in gold, and interest from August 25, 1865, until it is paid." The defendant filed a general demurrer; and the case was reserved, by *Foster*, J., for the determination of the full court.

*F. E. Parker*, for the defendant.

*F. A. Brooks*, for the plaintiff.

Gray, J. The parties having submitted the matters in difference between them to arbitration, and an award having been rendered upon that submission, to which no objection is made, the rights and obligations of the parties depend upon the award alone, and are to be ascertained from the language in which the arbitrators have expressed their conclusion ; and the court cannot go behind the award, or inquire what would have been these rights and obligations if they had been brought in the first instance before the judicial courts for determination, instead of being submitted to and determined by a tribunal selected by the parties themselves. Indeed the plaintiff's bill is brought for the single purpose of enforcing the award so made.

The award is that the defendant shall pay to the plaintiff a certain sum of dollars and cents " in currency," and an additional sum of dollars and cents " in gold," and " interest " from a certain day until it is paid. The award, then, is for the payment of a certain sum of dollars and cents, with interest. As to the portion of the amount awarded which is directed to be

paid " in currency," it has not been argued that the plaintiff is entitled to more or less than the sum specified in the award, or to any decree as to the form in which it shall be paid. But he asks for a specific performance of that portion which is directed to be paid " in gold," and the question is whether a court of chancery can and should so decree.

This part of the award, like the other, is for the payment of a certain number of dollars and cents, which is the legal denomination of money of the United States. Even if the direction that this sum shall be paid " in gold " could be treated as requiring its payment in that gold which is but merchandise, as in bullion or foreign coin not current here as money, still, no amount or weight or value of the merchandise being stated, nor any rule given in the contract or by the nature of the commodity itself for estimating the amount, except the number of dollars and cents previously mentioned, that number of dollars and cents would be the measure of damages in case of breach. *Courtois* v. *Carpentier*, 1 Wash. C. C. 376. *Baker* v. *Mair*, 12 Mass. 120. *Ward* v. *Ridgwin*, Latch, 84. *Lansdowne* v. *Lansdowne*, 2 Bligh, 93. Bac. Ab. Tender B. 2.

But it is admitted, and indeed contended, on the part of the plaintiff, that the direction that the sum shall be paid " in gold," means not in bullion or in foreign coin, but in gold coined money of the United States. The sum to be paid is to bear " interest" until payment. Now " interest " is computed on money, not on merchandise ; the only way in which interest can be computed in reference to merchandise is upon its value or price ; and this award does not provide for the payment of interest on the value of the gold or of the currency, or for any mode of estimating such value, but for the payment of interest on the number of dollars and cents to be paid — thus showing that the gold, as well as the other currency, in which the principal sum is to be paid, is intended to be treated as money, and not as a commodity. The obligation to pay a fixed sum of the lawful money of the United States in a like amount of the gold coin of the United States, with interest, is in the strictest sense a debt for the payment of money, and of money only,

the amount of which is expressed in the obligation itself; a debt therefore for the amount of money therein mentioned, not a contract for the delivery of a commodity.

It is unnecessary in this case to inquire whether coined money of the United States can by agreement of parties be dealt with as a commodity, so that a court can decide or recognize that it has any different value from that which the law affixes to it as money. However that may be, it is clear that when a fixed sum is to be paid in lawful money of the United States, a statement of the kind of money in which it is intended to be paid will not make it the less a debt for the payment of money and for the payment of the exact sum of money named in the obligation; or enable the court to infer that what is declared by the law and described in the obligation to be money was not intended to be money, or to give judgment for any larger sum of money than that which is stated in the debt itself. In an action upon an obligation to pay a fixed sum of money, the sum of money named is the measure of its own value. Dyer 82 *b*, pl. 71. *Pope* v. *St. Leiger*, 5 Mod. 5, 7. It is for the sovereign legislature, acting within the limits prescribed by the constitution of the country, and not for courts of justice, to determine what substances or articles, and of what weight, quality or form, shall pass current as money, and pay and satisfy debts for fixed amounts of money, payable in money; and unless otherwise provided by law, such a debt is payable in whatever is lawful money at the time appointed for its payment, whether greater or less in actual or intrinsic value than the money existing when the debt was contracted. *Faw* v. *Marstel-ler*, 2 Cranch, 29, 30. *Pong* v. *De Lindsay*, Dyer, 82. Bacon's Law Maxims, reg. 8. 1 Hale P. C. 193, 194. Story on Notes, §§ 390, 394. *Emperor of Austria* v. *Day*, 2 Giff. 628; *S. C.* 3 De Gex, Fisher & Jones, 234, 251. In enforcing payment of a debt for a fixed sum of money, no court of justice has the power to discriminate between two kinds of money which have equally been made by the sovereign legislative power a lawful tender for the payment of such debts. A court of chancery has no more discretion in this matter than a court of law. Equity, in this

respect, follows and is bound by the law; and in equity, as at law, a debt for the payment of a certain sum of money, as money, may be satisfied by payment in anything which the legislature has lawfully declared to be money.

If gold coined money of the United States is paid or received without express agreement as to the rate at which it shall be taken or paid for, it is to be estimated at its legal value as money. Such was the decision of this court in *Bush* v. *Baldrey*, 11 Allen, 367, where such coins came into the hands of a creditor on account of his debtor, and were applied by the former in payment of his debt. In *Thompson* v. *Riggs*, 5 Wallace, 663, the same rule was applied by the supreme court of the United States to a case in which a merchant deposited gold and silver coined money in a bank, and there was no evidence of a special deposit or special agreement. And in *Frothingham* v. *Morse*, 45 N. H. 545, where such gold coin was deposited as security for becoming bail, it was held that in an action for money had and received, only the value of the coin as money, with interest, could be recovered; though it was said, whether justly or not we need not now consider, that in an action of trover the rule of damages would be different.

The adjudications are equally consistent to the point that, in a contract for the payment of a certain sum of money, adding that it is to be paid in gold or silver coin will not enable the court to compute it at any larger sum. In *Wood* v. *Bullens*, 6 Allen, 516, this court held that in an action upon a promissory note for five hundred dollars, with interest, " payable in specie," the judgment could only be for five hundred dollars and interest. In *Buchegger* v. *Shultz*, 13 Mich. 420, a note for eight hundred dollars, part of which (as of this award) was to be paid " in gold," was held to be a note for eight hundred dollars merely, and subject to be paid in anything which was a lawful tender. Similar decisions have been made in Pennsylvania, Indiana, Illinois, and Missouri, upon notes for fixed sums of money, payable " in specie," or " in gold." *Graham* v. *Marshall*, 52 Penn. State R. 28, 99, 103. *Loughlin* v. *Harvey*, Ib. 30, 99. *Thayer* v. *Hedges*, 23 Ind. 141. *Whetstone* v. *Colley*, 36 Ill. 328.

*Henderson* v. *McPike*, 35 Missouri, 255. The supreme court of Pennsylvania applied the same rule to a certificate of deposit of a certain number of dollars in "gold, payable in like funds, with interest;" and to an agreement to pay a yearly rent of a certain number of dollars, "lawful silver money of the United States, each dollar weighing sixteen pennyweights and six grains at least." *Sandford* v. *Hays*, 52 Penn. State R. 26, 99. *Mervine* v. *Sailor*, Ib. 18, 99.

The same rule has been repeatedly followed in equity. In New York, in an action to obtain a judgment that a mortgage had been satisfied, (in which by the practice of that state equitable as well as legal remedies might be administered,) the court of appeals unanimously, affirming the judgment of the supreme court, held that an agreement in the mortgage "to pay the sum of one thousand four hundred dollars in gold or silver coin, lawful money of the United States," was satisfied by a payment of that sum in treasury notes, declared by congress to be a legal tender for the payment of debts. *Rodes* v. *Bronson*, 34 N. Y. 649. *Kimpton* v. *Bronson*, 45 Barb. 618. See also *Wilson* v. *Morgan*, 30 How. Pract. R. (N. Y.) 386 ; *Warnibold* v. *Schlicting*, 16 Iowa, 243 ; *Schollenberger* v. *Brinton*, 52 Penn. State R. 1 ; *Appel* v. *Woltmann*, 38 Missouri, 154.

The case of *Dutton* v. *Pailaret*, 52 Penn. State R. 109, in which a bond for the payment of "three thousand dollars in gold coin of the United States of the present standard weight and fineness, notwithstanding any law which now may or hereafter shall make anything else a tender in payment of debts," was held to be a contract for the payment of a commodity, to be estimated at its market value, was not put upon any ground inconsistent with the decisions above cited, but upon the ground that the payment was to be made, not in gold coin of the United States generally, but in such coin of a particular weight and fineness, whatever changes of standard the government might make, and which therefore might or might not continue to be lawful money ; and was therefore thought to fall within the same class as other cases in the same court, in which contracts to pay a certain number of Spanish milled dollars, made

when such dollars were not a legal tender, or to pay in such dollars of the weight of seventeen pennyweights and six grains, when only those of not less than seventeen pennyweights and seven grains were a legal tender, were held to be contracts for the payment of a specific article or commodity, and not for the payment of money; *Mather* v. *Kinike*, 51 Penn. State R. 425; *Christ Church Hospital* v. *Fuechsel*, 54 Penn. State R. 71; U. S. St. 1793, *c.* 5, 1 U. S. Sts. at Large, 300; thus bringing the case within the rule of *Essex Co.* v. *Pacific Mills*, *ante*, 389.

The case of *Carpenter* v. *Atherton*, 25 California, 564, cited for the plaintiff, was decided under a statute passed by the legislature of the state of California in 1863, which provided that in an action on any written contract "for the direct payment of money, made payable in a specified kind of currency," judgment and execution for the plaintiff might "follow the contract, and be made payable in the kind of money or currency specified therein." The supreme court of California, while affirming the validity of that statute as modifying the remedy in the courts of that state, has strictly confined its application to cases within its exact terms. *Curiac* v. *Abadie*, 25 California, 502. *Hathaway* v. *Brady*, 26 California, 581. *Reed* v. *Eldredge*, 27 California, 346. *Reese* v. *Stearns*, 29 California, 273. Whatever may be the legal effect of the statute in California, neither the statute nor the decisions upon it can have any application in this state.

In the case of *Trecartin* v. *Ship Rochambeau*, 26 Law Reporter, 564, in which a seaman, who had shipped in New Brunswick on a voyage to England and back to a port in the United States, on wages of "twenty-five dollars per month," and continued to serve on board without new articles, was held by Judge Ware, on suing here in admiralty, to be entitled to the specie value of his wages estimated in United States treasury notes, the dollars contemplated in the contract seem to have been deemed by the learned judge to be of the currency of New Brunswick, or foreign money, the value of which, if not fixed by our laws, must be ascertained in American money before rendering judgment. See *Rastell* v. *Draper*, Yelv. 80;

*S. C.* 1 Brownl. 90; *Brown* v. *Barry*, 3 Dall. 365; *The Nonpareil*, 1 Brown. & Lush. 355. And his decision was overruled on appeal by the circuit court of the United States, upon the ground that as the contract for wages was expressed in dollars and cents, and the payment was to be made here, no more could be recovered than the amount specified in the contract, wherever it was signed and whatever was the state of exchange.

All the instances mentioned by the plaintiff's counsel, in which a court of chancery had decreed specific performance, were of contracts for the transfer of property, not absolute obligations for the payment of a definite sum of money where nothing remained to be done by the party to whom the money was to be paid. Equity will not decree specific performance of a contract or award for the unconditional payment of a fixed sum of money, when the same sum can be recovered by action at law. 3 P. W. 190, note to *Hall* v. *Hardy*. *Jones* v. *Boston Mill Corporation*, 4 Pick. 511, 512. *Story* v. *Norwich & Worcester Railroad*, 24 Conn. 114. It has been argued that in this case the remedy at law is not adequate and complete, because the judgment at law must be limited to the number of dollars and cents specified in the award, and might be satisfied by payment in any kind of money. But such limitation of the remedy is not caused by any inferiority of the powers of a court of common law to those of a court of equity, but by the want of power in any court, in ordering payment of a debt for a fixed sum of money, to discriminate between two kinds of money which the legislative authority has declared to be equivalent for the purpose of paying such debts. This being a debt for a definite sum of money, neither a court of law nor a court of equity can enforce the payment of a greater sum, or narrow the limits, lawfully prescribed by Congress, of the medium in which it may be satisfied. The plaintiff's remedy to recover that sum, if not duly paid, is by action at law on the award and therefore the decree in this suit must be

*Bill dismissed, with costs, without prejudice.*