Napton, judge,
delivered the opinion of the court.
This was an action of debt instituted upon a bond for the payment of thirteen hundred and ninety dollars. The consideration of the bond was the sale of certain lots in Jefferson City by the payees to the defendant, Edwards, and it was made payable upon the execution of a deed conveying a clear title in fee simple to these lots. The plaintiff was the assignee of the bond.
The pleadings in the case are fully stated in the former opinion delivered by this court. 10 Mo. Rep. 671. After the case was remanded to the circuit court, a trial was had upon the issues made up in the second and third counts of the declaration. The first and fourth counts were considered by the circuit court as out of the case, in consequence of the opinion expressed by this court of their insufficiency. The defendants withdrew the pleas previously filed and put in the general statutory plea.
Upon the trial the plaintiff read the bond and assignment and a deed to Edwards for the lots, and proved by Enos B. Cordell that as an agent of the payees or their attorney, he delivered to Edwards the deed given in evidence, which Edwards received without objection, and without any conversation passing between them on the subject of the deed; that the witness said to Edwards “ here is a deed for you,” to which Edwards made no reply. It also appeared from the endorsement on the deed that it was filed in the recorder’s office shortly after its delivery. The "defendants then proved that there were considerable incumbrances in the shape of judgment liens upon the property, at the time of the acceptance of this deed. This evidence was objected to, but admitted. No other evidence was given on either side, whereupon the court declared the law to be as follows :
“ The law of this case is, that if the defendant, Edwards, accepted the deed read in evidence before the commencement of this suit, in discharge of or as a compliance with the proviso in the instrument sued on, the plaintiff is entitled to recover, if the note sued on was assigned to the plaintiff as alleged. But if the said Edwards, although he may have taken such deed into his possession, when handed to him by the witness, Cordell, did not accept the same in discharge of or as a compliance with the said proviso, the defendant is entitled to a verdict, if the fact be, that at the time of the delivery of the deed there were *139 judgment liens on the land, which continued in force up to the trial or commencement of this suit.
A good many instructions were asked by the plaintiff, some of which were given and some refused ; but as the opinion given by the court covered the whole case, or at least contained the views entertained by the court of the proper question to be submitted to the jury, it is unnecessary to copy these instructions at large.
The plaintiff took a non-suit, and afterwards moved to set it aside, which being refused, he appealed to this court.
The instruction given by the court leaves the jury to determine upon the facts in evidence, whether there was a waiver on the part of Edwards or not. There is, perhaps, some obscurity in its phraseology, but I understand the court to declare that the defendants were entitled to a verdict if the jury believed that Edwards did not accept the deed from the Paulsels as a compliance with their contract, provided that it also appeared to their satisfaction that there were incumbrances on the land. The proposition of the court, transposing the language a little, may be stated thus . If there were incumbrances upon the land conveyed to Edwards, the deed of the Paulsels (the payees in the bond) did not convey such a title as their bond called for; but if the jury believe that Edwards accepted this deed as a compliance with his contract, the plaintiff must recover.
It is obvious that the instruction of the court assumes that whether Edwards accepted the deed as a compliance with his contract, or not, was a question offact^ to be determined by the jury.
What acts or what declarations amount to a waiver, is, in my opinion, a question of law, whether such acts or declarations were made or performed, is for the jtiry. Hagart vs. Nevins, 6 S & R 360 ; Ins. Co. vs. Kyle, 11 Mo. R. Rhett vs. Poe 2 How. 481 ; Bank of Utica vs. Bender, 21 Wend 643. I use the term waiver as a more convenient one than the term acceptance, as used in the plea, for they are the counterpart of each other. An acceptance of a deed of inferior value to such an one as the grantee is by his contract entitled to; as a compliance witli such a contract, is equivalent to a waiver of such better title. Waiver is then, like the question of demand and notice in suits upon bills of exchange, or due diligence or sea worthiness of a ship, or what constitutes a deed ; a question of law to be determined by the court. Whether it exists or not in the particular case upon trial, is for the jury to decide upon instructions from the court. I know that a great many of these terms are, in certain conditions of the evidence, so cleai\ that *140 courts do not usually find it necessary to give any explanation of their legal meaning. Where the dispute is really about a question of fact, and the meaning of the terms used in the instructions is well understood, it would be a work of supererogation for the court to enter into minute explanations upon points not disputed. Such is not the case here. There is no dispute about the facts at all, but the sole question in the case is, what is the inference or presumption which the law raises upon those facts.
A waiver may be of two kinds, an express and an implied waiver. The former would need no explanation, and of course where the evidence showed or had a tendency to show a direct and express waiver, the question would be for the jury entirely. No explanation from the court of the legal meaning of the term would be necessary. But it was not attempted, nor was there any evidence in this case, to prove an express waiver. There was no evidence in the case to show that the defendant Edwards said any thing about a waiver, but certain acts are proved from which a waiver may be inferred, and it was left to the jury to say whether those acts implied a waiver or not. To submit such a question to a jury would, in my humble opinion, be subversive of one of the great leading objects of every system of law, uniformity and consistency in all legal conclusions upon the same state of facts. If the implication which may arise from the facts stated on this record, is a matter of fact to be decided according to the notions of a jury, it must happen that a great diversity of opinion will prevail as to the character of rights and the merits of titles, depending upon the same state of facts. This is contrary to the theory of our system of laws. A person’s title to land, or legal rights of any character,-depending upon a certain state of facts, can neither be better or worse than the title or right of another which depends precisely upon the same state of facts. The law pronounces the conclusion upon a given state of facts, and it is not left to the caprice of juries to decide one man’s title good to-day and another man’s bad to-morrow, both depending upon the same facts.
If there be a question of intention in the case, whether it be upon a matter of waiver, or other analogous subject, it is undoubtedly the province of the jury to pass upon this as one of fact. Where the jury have found what acts have been done and with what intentions they were done, it then belongs to the court, as the organ of law, to pronounce the conclusion which the law draws from the facts found. This *141 is always the case in special verdicts, and may be done hypothetically in other cases.
The facts of the present case were that a deed was handed to Edwards, and received by him, and placed upon the record. This deed, for aught that appears, was unobjectionable on its face; but it appeared that when it was delivered large incumbrances overhung the title. It does not appear whether Edwards knew of these incumbrances or not. Now it is evident that the question of waiver here turns entirely upon the existence of a fact about which there is no proof whatever. If Edwards, when he received this deed, which was good enough on its face, was entirely ignorant of the existence of the judgments which were liens upon the land conveyed, his acts cannot be construed as a waiver. Edwards could not intend to waive a defect of which he had no knowledge. His conduct in receiving the deed may be just as well reconciled with the hypothesis that he supposed himself to be getting the very title which his contract called for, as with the supposition that he knew of the incumbrances and was willing to risk the covenants of his deed.
The doctrine of waiver is not entitled, upon principles of sound policy, to receive a latetudinous construction. It is, at best, allowing a person to be deprived of rights for which he has the most solemn guarantees by acts or words or mere silence. This may be done, as has been already decided, but the acts to constitute this waiver should be unequivocal. The plaintiff who asserts the waiver must prove it. The defendant stands upon his written contract; if a waiver of its obligations is asserted, the plaintiff must make out a clear case. How then stand the facts here ? The plaintiff proves the acceptance of a deed, without objection. Prima facie this deed, (for it was good on its face and contained the usual covenants) conveyed the very title which the contract called for. But the defendant shows that this deed did not convey an unincumbered title ; that there were unsatisfied judgments on the land. Where then is the proof of waiver ? which the plaintiff must make either by showing an express waiver by language or writing, or such acts as amount to a waiver. No express waiver is attempted to be shown, and the acts which have been proved fall short of raising any such presumption, by a failure to show that Edwards knew of the judgments ; that he was aware of the defect of title. It cannot be denied that this fact would settle the question at once, that if Edwards was acquainted with the existence of the judgment liens, his conduct would be prima facie a waiver, or an acceptance of the infe *142 rior title, and that if he did not know of such liens his conduct does not amount to a waiver, but can be entirely reconciled with the supposition that he believed himself to be accepting a good title—-just such a title as his contract secured him.
There is no doubt that the knowledge or ignorance of Edwards in relation to these liens is a fact which may be established by circumstantial evidence ; and that this evidence is for the jury to consider. It may be conceded also that it is rather hard to impose upon the plaintiff •the burthen of proving the defendant’s knowledge of the liens; but it must be observed, that it would be equally troublesome for the defendant to prove his want of information. And if there be any difficulty in establishing the existence or non-existence of this material fact, that •difficulty ought not, upon principles of equity, to impose any additional •burthens upon the defendant, who is clearly entitled, under his contract to require a good title, and ought not to be deprived of this solemn security without the most unequivocal evidence.
It cannot be contended that the record of the judgment liens, is any evidence of actual knowledge of those liens on the part of Edwards. Such record under our statute is a constructive notice, but has no ref- • erence to such a question as arises here between the parties to the con•veyance. Such constructive notice only affects subsequent purchasers or creditors. If, however, it be thought that there is any evidence -from which a jury might infer a knowledge of these liens, then let that •question be put to the jury. If the jury believe from the evidence •that Edwards received the deed tendered to him by Pauls el’s agent, without objection, and placed it upon record with a knowledge at the time that such deed did not convey an unincumbered title, or if Edwards subsequently ascertained the existence of the incumbrances, and did not, within a reasonable time, make any objections to this defective ■ title, such acts are an acceptance of such defective title in lieu of the one his contract secured to him.
Judge McBride concurring, the judgment is reversed and the cause remanded.
Scott, judge, not sitting.