# R. L. BARGER v. JEREMIAH D. HEALY, Appellant.

### In Banc, December 19, 1918.

1. **SPECIFIC PERFORMANCE: Contract to Convey: Acceptance of Deeds: Merger.** An acceptance of deeds by the vendee is a complete execution of a contract to convey. The final agreement between the vendor and vendee of lands is merged in the deeds executed and accepted, and the rights of the vendee are to be found, not in the option contract to convey, but in the covenants contained in the accepted deeds.

2. ———: ———: **Stipulation for Warranty Deed: Acceptance of Quitclaim.** By written contract the owner of land agreed to convey, by warranty deed, to a purchaser, certain lands, clear of all incumbrances, in consideration of one hundred dollars in hand paid and eleven thousand five hundred dollars to be paid within sixty days. The vendor tendered a quitclaim deed, reserving therein all the minerals lying beneath the surface. The vendee de-

manded a warranty deed, without reservations, which the vendor declined to execute. In the meantime the vendee, relying on the contract, had agreed to sell the timber on the land to a tie company. He thereupon paid the purchase price and accepted the quitclaim deeds under protest and with notice to the vendor that he would hold him to strict compliance with his contract. *Held*, that the contract to convey was merged in the deeds accepted, and the vendee's suit to specifically enforce the contract for a warranty deed, without reservations, should be dismissed.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED.

*Frank X. Hiemenz* for appellant.

(1) The deeds from defendant to plaintiff represent the final agreement of the parties; their rights and liabilities are defined and limited by their terms; the entire transaction is merged in the deeds and no action can be maintained on the option contract. Smyth v. Borohoff, 156 Mo. App. 18; Wilson v. Wilson, 115 Mo. App. 641; Matheny v. Stewart, 108 Mo. 73; Wheeler v. Ball, 26 Mo. App. 443; Slocum v. Bracy, 55 Minn. 249; Clifton v. Jackson Iron Co., 74 Mich. 621; Carter v. Beck, 40 Ala. 606; Timme v. Shannon, 81 Am. Dec. 635; Bryan v. Swain, 56 Cal. 616. (2) Acceptance of the deed need not be proved by formal or express words; it may be inferred from acts, conduct or words of the parties, showing an intention to accept. 13 Cyc. 572; Brownlow v. Wollard, 61 Mo. App. 124; Horner v. Lowe, 159 Ind. 406. (3) An agreement to convey by warranty deed "all my right, title and interest" is fully performed by the execution and delivery of a deed effectively transferring all of the interest of the grantor; a grantor is not obliged to insert full covenants of warranty; a deed of special warranty, as in this case, suffices. Butcher v. Rogers, 60 Mo. 138; Waldermeyer v. Loebig, 222 Mo. 551.

*Ernest A. Green* for respondent.

The correct rule is that a suit may be maintained to compel the specific performance of a contract performed only in part, and a party will not be precluded by his acceptance and retention under protest of a deed in partial performance of a contract from maintaining specific performance of the whole contract. Kirkpatrick v. Pease, 202 Mo. 471; Davis v. Real Estate Co., 115 Mo. App. 339; Minor v. Edwards, 12 Mo. 140; 39 Cyc. 1524; Conover v. Wardell, 20 N. J. Eq. (5 C. E. Green) 266; Earnhardt v. Clement, 137 N. C. 91; Mason v. Blair, 33 Ill. 194; Trabue's Heirs v. North, 9 Ky. (2 A. K. Marsh) 361; Point St. Iron Works v. Simmons, 11 R. I. 496; 39 Cyc. 2013; Sessa v. Arthur, 183 Mass. 230; German-American Real Estate Co. v. Starke, 84 Hun, 430, 32 N. Y. Supp. 403; Davis v. Lee, 52 Wash. 330, 132 Am. St. 973; Selden v. Williams, 9 Watts, 9; Atwood v. Norton, 27 Barb. 638; Cox v. Henry, 32 Pa. 18; Stockton v. Gould, 149 Pa. 68; Lehman v. Paxton, 7 Pa. Super. Ct. 259; Close v. Zell, 141 Pa. 390, 23 Am. St. 296; Walker v. France, 112 Pa. 203; Loftus v. Read, 82 Kas. 485, 31 L. R. A. (N. S.) 457.

WOODSON, J.—This suit was begun in the circuit court of Iron County by the plaintiff against the defendant, asking for the specific performance of a written option-contract to convey real estate.

The decree was for the plaintiff and the defendant appealed the cause to this court.

The contract is as follows:

"Know all men by these presents:

That I, the undersigned Jeremiah D. Healy of the City of St. Louis, in the State of Missouri, for and in consideration of the sum of one hundred dollars to him in hand paid by R. L. Barger of Ironton, Iron County, Missouri, the receipt of which is hereby acknowledged, do hereby agree to grant and convey unto the said R. L. Barger or assigns, by warranty deed, clear of encum-

brances, the following described real estate, situate in the County of Iron and State of Missouri, to-wit:

"All my right, title and interest in all the land I own in said county, situated in Township 35, Range 1 west, and situated in Township 35, Range 1 east, and situated in Township 35, Range 2 east, and situated in Township 34, Range 1 east, in said Iron County, Missouri. Being the same property acquired by me from Edgar R. Wells and Rose Anne Shephard Hand and husband upon the tender and payment, however, by the said R. L. Barger within sixty days from date hereof of the total sum of eleven thousand five hundred dollars.

"Payable as follows: One-half to be paid in cash and one-fourth to be paid in three months and one-fourth on or before twelve months, secured by deed of trust for part purchase money, notes bearing 6 per cent interest and to execute unto the said R. L. Barger, or assigns, a warranty deed in due form of law to said real estate, upon the payment or otherwise satisfactory adjustment of the price herein agreed upon for said property, and to furnish an abstract of title showing good and clear title thereto at the time I purchased same. Upon the expiration of the time above specified this option may be further extended by written agreement of the undersigned, attached thereto, not to exceed one month's additional time.

"Witness my hand this, the 31st day of December, 1913.

"Jeremiah D. Healy, (SEAL)"

This contract was duly acknowledged before a notary public and delivered to the plaintiff.

The petition declares upon the contract, stating that the plaintiff fully performed all the terms thereof and requested the defendant to convey to him the real estate described in the contract, and further alleged that the defendant refused to execute and deliver a general warranty deed conveying the property described, but on the contrary, delivered to plaintiff two quitclaims, wherein defendant excepted out of the lands described

in the contract, and reserved for himself, his heirs, and assigns, the mineral rights in and to said land, specifically reserving the right to prospect and develop the same, and further alleging that plaintiff accepted said quitclaim deeds only under protest.

The defendant sets up in his answer that the contract sued upon is, and was, not the final repository of the agreement between him and the plaintiff, and sets forth in substance that it was at all times understood between him and plaintiff that all the minerals lying beneath the surface of the land sold were to be reserved to defendant, his heirs and assigns.

The reply was a general denial.

The plaintiff offered in evidence the contract sued on. D. E. Fletcher testified for the plaintiff in substance as follows:

That he represented the plaintiff and conducted the negotiations for the securing of the option contract in controversy with the defendant Healy; that the option contract sued upon was drafted in the office of the defendant, in the City of St. Louis, and that the handwriting therein was the handwriting of the defendant; that the option contract was prepared by the defendant in his office, and that the same expressed the agreement made by the parties at that time. Fletcher further testified that on the 28th day of February, 1914, in accordance with the option contract, Barger wired the defendant Healy to forward the deeds and deed of trust to the Bank of Arcadia Valley, and that the plaintiff would there complete his contract for the purchase of the lands in suit; that on the 4th day of March, the deeds and deed of trust arrived at the Bank of Arcadia Valley, and that Barger and he examined the deeds and deed of trust, and found that the same was not in accordance with the option contract, inasmuch as the deed was in substance a quitclaim deed, and reserved the mineral rights to the defendant and his heirs. Fletcher further stated that eighty acres of the land was omitted from the deed (inasmuch, however,

as that defect was subsequently remedied, no further reference will be made to the same). Fletcher stated that thereupon he and Mr. Barger conferred with their attorney, Mr. Damron, relative to the matter, and that at their request Mr. Damron called up the defendant and demanded of him that he execute a warranty deed, and include therein the mineral rights which he had reserved under the deed in controversy. This the defendant refused to do. That in the meantime, the plaintiff, in reliance upon his option contract from the defendant, had agreed to sell the timber upon this land to the Merseal & Allee Tie & Timber Company; he was advised by his attorney, Mr. C. P. Damron, that he would have to accept the deeds tendered by the defendant, and then institute his action to compel defendant to comply with the remainder of the terms of the option contract. The witness further stated that Mr. Barger executed the deed of trust and paid one-half the purchase money due at that time. However, at the time of so doing Barger protested to the Bank of Arcadia Valley, defendant's agent, against the acceptance of the deeds, and stated that the deeds were only accepted under protest and because there was no other relief left. Mr. Fletcher stated that thereafter the notes for which the deed of trust was given as security were fully paid off and that the purchase price of the land has now been paid in full. He stated, however, that the defendant has refused, and still refuses, to execute a warranty deed covering the lands in suit, and conveying the mineral rights reserved by him under the quitclaim deed.

R. L. Barger, the plaintiff, and C. P. Damron, attorney for the plaintiff, testified, in so far as their knowledge extended, to substantially the same facts as were testified to by the witness Fletcher.

Thereupon, plaintiff offered in evidence the deeds which defendant tendered in alleged performance of this option contract, and also the canceled notes and deed of trust executed by the plaintiff in performance

of the contract on his part. Plaintiff also offered the testimony of three disinterested witnesses to the effect that they heard the protests made by plaintiff over the acceptance of the deeds tendered by defendant, and heard plaintiff state that he was only accepting the deeds because of the fact that he had to comply with his contract for the sale of the timber to the Merseal & Allee Tie & Timber Company, and that he did not consider the deeds tendered as a compliance with the contract, and would hold defendant to a strict compliance with the contract.

Mr. Damron also testified that he notified the defendant Healy over the long-distance telephone that the deeds were not in compliance with the terms of his option contract, and that plaintiff would hold him to a subsequent compliance with the contract.

Plaintiff also offered in evidence a telegram referred to in the testimony of Mr. Fletcher, as well as a letter from Hope, Green & Seibert, to the defendant, under date of August 20th, demanding of the defendant that he comply with his option contract and convey to the plaintiff, Barger, by warranty deed, his entire interest in the premises, including the mineral rights reserved in the deed which he had delivered to the plaintiff.

The defendant's evidence tended to prove the following additional facts, viz.:

Upon the arrival of the deed at the bank plaintiff examined same and found it to be a special warranty in form, to contain a reservation of mineral rights, and that eighty acres of land had been omitted. Plaintiff had his counsel call defendant at St. Louis over the telephone and informed defendant that the deed was not in compliance with the option, whereupon defendant informed plaintiff's counsel that if they did not care to accept the deed to return the same to him. This deed was accepted by plaintiff and by him placed of record

in the Recorder's office for Iron County on the 9th day of March, 1914. Thereafter defendant conveyed the eighty acres in manner and form and with like reservations as set forth in his previous deed, which was accepted by plaintiff and placed of record in the Recorder's office for Iron County on the 14th day of March, 1914. Defendant forwarded, with the first deed, a deed of trust dated the 28th day of February, 1914, securing the deferred payments of the purchase price, which deed was executed and acknowledged by plaintiff on the 9th day of March, 1914, and by him placed of record in the Recorder's office for Iron County on said date, which deed of trust secures the payment of the notes mentioned. The last of these notes were paid by plaintiff on March 2, 1915. The deed of trust was on that day presented by plaintiff and canceled by the Recorder of Deeds of Iron County. This suit was filed on the 26th day of September, 1914. That D. Edgar Fletcher, plaintiff's partner, had at all times an undivided one-half interest in the option contract and later in the land conveyed and is not a party plaintiff.

As previously stated, the trial court found the facts for the plaintiff, and rendered a decree accordingly, and the defendant appealed.

I. Counsel for the defendant insist that the decree of the trial court is erroneous for the reason that the acceptance of the deeds made by the defendant to the plaintiff, conveying the property mentioned in pursuance to the contract, represents the final agreement between them; their rights and liabilities are **Merger of Contract in Deed.** defined and limited by their terms; that the entire transaction is merged in the deeds and no action can be maintained on the option contract, and the remedy for loss or damages sustained or other rights lost by a nonperformance of any of the terms of the contract is governed by the covenants in the deed.

The converse of this proposition is maintained by counsel for the plaintiff.

We are cited to many authorities in support of these respective positions.

We will examine those of the defendant, the appellant, first. In the case of Wilson v. Wilson, 115 Mo. App. 641, the Court of Appeals held that a contract between the vender and vendee, relating to the executory acts necessary to complete the sale of real estate, are merged in the deed, the acceptance of which completes the performance and is conclusive evidence of the real contract between the parties.

In Matheny v. Stewart, 108 Mo. 73, this court, passing upon this question, held that when a conveyance of real estate becomes complete, the parties make and accept the covenants therein as measuring the liability of the grantor and the compensation of the grantee in case of breaches. The contract becomes merged in the deed, and the remedy for loss is confined to such as is given by its covenants.

In Smyth v. Boroff, 156 Mo. App. 18, the Court of Appeals held that while the contract for the sale of land is still executory, the law will enforce the right of the purchaser, under the contract, to a title clear of defects and incumbrances, but when the contract has been consummated by the execution and delivery of the deed, the entire matter is merged in the deed, and the covenants contained therein alone prescribe the measure of the rights of the parties, so that, where the covenant required the vendor to convey land "by a good and proper conveyance" (and the deed was duly executed and acepted), an action would not lie on the contract for money expended in perfecting the title.

In Wheeler v. Ball, 26 Mo. App. 443, the court held that while the terms of a contract of sale of real estate is still executory, the courts will enforce the right of a purchaser to a title clear of defects and incumbrances; but when the contract becomes consum-

mated by the execution and delivery of the deed, a different rule comes in; the terms of the deed fill the measure of the rights of the parties and the contract merges in the deed.

In Slocum v. Bracy, 55 Minn. 249, the Supreme Court of Minnesota held that where a deed has been accepted as full performance of an executory contract to convey real estate, the contract is merged in the deed, upon which alone the rights of the parties thereto rest; and, in case the deed contains no covenants, and there be no ingredient of fraud or mistake of fact, the grantee cannot recover back the consideration paid because of a failure of title.

In Clifton v. Jackson Iron Co., 74 Mich. 183, the Supreme Court of Michigan held that where the owner of land, on contracting for its sale, reserved the timber, with the right of removal for a specified time, and conveys the land to the vendee before the expiration of the time so limited by warranty deed without any such reservation, the timber passes to the grantee.

In Carter v. Beck, 40 Ala. 599, l. c. 606, the court held that "the acceptance of the defendant's deed by the plaintiff was a complete execution of the antecedent agreement to convey, and annulled it; and no action at law could be sustained upon it," citing Howes v. Barker, 3 Johns. 506; Houghtaling v. Lewis, 10 Johns. 297; Cronister v. Cronister, 1 Watts & Ser. 442; Falconer v. Garrison, 1 McCord, 209; Frederick v. Youngblood, 19 Ala. 680.

The same rule was announced in a very exhaustive opinion by the Supreme Court of Maryland in the case of Timms et al. v. Shannon et al., 19 Md. 296. And in the case of Bryan v. Swain, 56 Cal. 616, where the plaintiff agreed to sell land to the defendant, and to convey a good title, and afterwards made a deed which was accepted by the defendant as a performance of the contract, the title to a part of the land was in the United States, but the defendant knew that fact when he accepted the deed, and the Supreme Court of

California held that the rights of the defendant depended on the deed, and not the previous contract, the latter being merged and extinguished by the former.

Judge NAPTON approached the same question from a different angle, but reached the same conclusion, in the case of Minor v. Edwards et al., 12 Mo. 137, 1. c. 139, where he said:

"What acts or what declarations amount to a waiver, is, in my opinion, a question of law; whether such acts or declartions were made or performed, is for the jury. [Hagart v. Nevins, 6 Serg. & Rawle, 360; St. Louis Ins. Co. v. Kyle, 11 Mo. 278; Rhett v. Poe, 2 How. 481; Bank of Utica v. Bender, 21 Wend. 643.] I use the term waiver as a more convenient one than the term acceptance, as used in the plea, for they are the counterpart of each other. An acceptance of a deed of inferior value to such an one as the grantee is by his contract entitled to, as a compliance with such a contract, is equivalent to a waiver of such better title."

We will now review the authorities cited by counsel for plaintiff in support of his contention.

The case of Kirkpatrick v. Pease, 202 Mo. 471, is not in point. On page 492 Judge LAMM expressly declines to pass upon the question here presented, because counsel were laboring under a misapprehension as to the question involved. He said: "But without deciding whether a vendee might not be entitled to part performance with satisfaction in damages for the part not performed, yet it is sufficient to say of this contention for the purposes of this case that it proceeds upon a misapprehension."

Neither is the case of Davis v. Barado-Ghio Real Estate Co., 115 Mo. App. 327, in point. That was an action for damages for a breach of contract to convey real estate. The only question there involved was whether the purchaser could maintain an action for damages without first having tendered performance of the contract on his part before bringing the suit. The court held that the vendor's agreement to convey a clear title

and the vendee's agreement to pay therefor are concurrent and dependent conditions, so that the latter must have tendered performance before he had a right of action for damages against the former for failure to perform his part. The court also held that the vendee had the right to waive the provision of that part of the contract by which the vendor agreed to convey a clear and unincumbered title, etc.; but the question involved in the case at bar was not there presented or passed upon.

The case of Minor v. Edwards, 12 Mo. 137, has been considered with the cases cited by counsel for defendant; and what is there said clearly shows that it holds diametrically opposite to what counsel for plaintiff contends for.

The case of Conover v. Wardell, 20 N. J. Eq. 266, was a suit to compel the performance of a contract already performed in part; but there the deed was accepted under a mistake as to the contents or effect of the deed. In that case the court held that the mistake was sufficient grounds for equitable relief, and decreed specific performance of the non-executed parts of the contract to convey. But that is not this case. Here the plaintiff knew of the variance between the terms of the contract to convey and the covenants in the deeds before he accepted them, and insisted that they be made to harmonize before acceptance, but being unable to induce the defendant to make covenants of the deed conform to the terms of the contract, the plaintiff accepted the deeds under protest, and informed the former that he would bring this suit for specific performance.

The case of Point Street Iron Works v. Simmons. 11 R. I. 496, announced the same rule as that stated in Conover v. Wardell, supra.

The case of Earnhardt v. Clement, 137 N. C. 91, although not a real estate transaction, seems on principle to be in point. There a testator contracted to bequeath certain securities to the plaintiff in consideration of personal services rendered, but instead of doing

that, he bequeathed them in trust for her, etc. The court there held that the reception of the dividends by the plaintiff for a number of years under the will did not estop her from maintaining a suit for specific performance of the contract. In that case, however, the court did not pass directly upon the question involved in the case at bar. In that case the contention was made that the plaintiff was estopped from claiming the securities by having elected to accept the dividends thereof; but the court denied that contention for the reason stated that: "Before the doctrine of election can arise, two things are essential: (1) The testator must give property of his own; and (2) he must profess to dispose of property belonging to his donee (citing case). This is not the case here. There are no inconsistent benefits. By receiving the dividends on stock, the capital of which she was entitled to have absolutely, she only accepted part of what was her due, and nothing beyond her own." But as previously indicated, the question here presented was not presented in that case, viz: That the acceptance of the dividends was a waiver of her right to the securities and a full performance of the terms of the contract, which was merged into the will, and that it alone bespeaks their final and last agreement. But be that as it may, it seems to be in point.

Trabin's Heirs v. North, 9 Ky. (2 A. K. Marsh) 361, is an erroneous citation.

After a most careful consideration of the authorities cited by learned counsel for each party, we are satisfied that practically all of them, including the direct rulings of this court, sustain the contention of counsel for defendant, to the effect that the acceptance of the deeds by the plaintiff is a complete execution of the contract to convey and that it is merged into the deeds which bespeak their final agreements, and whatever their rights are must be found in their covenants.

II. Under this view of the case, it becomes apparent that it would be useless, if not improper, to pass

upon the other questions made and discussed by counsel for the respective parties in their able and exhaustive briefs.

For the reasons stated the judgment of the circuit court is reversed and the petition dismissed.

The foregoing opinion of WOODSON, J., is adopted as the opinion of Court in Banc. *Bond, C. J.,* and *Walker* and *Graves, JJ.,* concur; *Faris, Blair* and *Williams, JJ.,* dissent.