HIRLINGER v. HIRLINGER et al.

No. 22005.

Kansas City Court of Appeals.

Missouri.

April 5, 1954.

Hampton Tisdale, Harry Wooldridge, Boonville, for appellants.

John J. Stegner, Boonville, John T. Martin, Sedalia, Martin & Gibson, Sedalia, of counsel, for respondent.

SPERRY, Commissioner.

Plaintiff, Kenneth E. Hirlinger, is a nephew of Louis E. Hirlinger, deceased, and is mentioned in his will. He brought this suit seeking a declaratory judgment construing the will. He also sought injunctive and other relief. Defendant, Charles F. Hirlinger, is executor of the will. Defendant Mann is the sheriff of Cooper County, where testator's estate was pro-

bated and where this suit was filed and tried. The remaining defendants are the heirs and constitute all of the legatees and devisees of testator under his will. Judgment was for plaintiff as prayed. This appeal followed:

The will, omitting formal and non-essential elements with which we are not here concerned, is as follows:

"Item 1. I hereby direct my executor to pay all my just debts and funeral expenses as soon after my death as practicable also to pay $210.00 to the Evangelical Church for delinquent dues.

"Item 2. My nephew Kenneth Hirlinger for the period of six months shall have the right and privilege to purchase from my estate the real estate which I purchased from my brother Chas. E. Hirlinger deceased now used for a retail store occupied by Kenneth Hirlinger and known as 307 Main Street in Boonville, provided Kenneth Hirlinger pays my executor Seventeen Thousand $17,000 my executor who will be granted full authority to deliver such transfer and conveyances as shall be necessary to convey all my rights title and interest in said property.

"All my personal property may be purchased by my brothers, nieces and nephew according to value of my appraiser all things in my room be divided among my heirs to satisfaction of all. All fixtures and equipment go with the building. All the residue of my property including the farm in Moniteau County and any other property personal or mixed I bequeath as follows to my brother Frank Hirlinger if he survives me otherwise to the heirs of his body one third share.

"To my brother William J. Hirlinger if he survives me one third share otherwise to the heirs of his body.

"To my nephew Charles H. Huber and my nieces Mrs. Loretta Kralovec and Mrs. Josephine Harris one third share to be divided equally between them."

The parties agree that the intention of the testator is clearly stated in the will and that no extrinsic evidence is needed in aid of construction; but they disagree on the construction that should be adopted.

Defendants say: "The question presented by this appeal is whether or not the plaintiff, under the provision of the last will and testament of Louis E. Hirlinger, deceased, is entitled to purchase certain real estate and personal property in said will described free and clear of all liens and encumbrances for the sum of $17,000, paid by said plaintiff to the executor of said estate, and require said executor to discharge and pay the promissory notes secured by the mortgage lien out of monies in his hands as such executor."

The following facts appear from the pleadings:

Louis E. Hirlinger, on March 25, 1946, executed three promissory notes, each in the principal amount of $2,500, due one year after date without interest. One of said notes is payable to the order of William J. Hirlinger, another note is payable to the order of Frank Hirlinger, and the remaining note is payable jointly to the order of Charles H. Huber, Loretta Kralovec, Josephine Harris, and to one John M. Huber. Huber is now deceased and his interest in such note is held by the three parties abovementioned. The notes were secured by a deed of trust, executed on March 25, 1946, recorded on March 26, 1946, in Book 50 at page 139 of the Deed of Trust Records of Cooper County, Missouri.

The three notes remained unpaid at the time of the death of testator and now remain unpaid. The real estate described in the deed of trust was owned by the testator at his death, and is described in the first paragraph of item 2 of the will.

On July 12, 1952, plaintiff paid the sum of $17,000 to Charles F. Hirlinger, executor of the will, and received an executor's deed

conveying to him all of the right, title and interest of the decedent in said real estate. That money has been comingled by the executor with the general funds of said estate.

The will was dated January 12, 1952, and testator died February 2, 1952.

Plaintiff, on January 23, 1953, which was more than six months after the payment of said sum to the executor and the execution and delivery of the executor's deed, filed his original petition in this cause. Thereafter, a notice of the foreclosure of said deed of trust and sale of the mortgaged real estate under the power of sale contained in the deed of trust was published. The date of sale was fixed as Saturday, February 28, 1953. Thereafter, on February 11, 1953, the plaintiff filed his first amended petition requesting, among other relief, that the foreclosure of the deed of trust be restrained. On the same day the circuit court granted a temporary injunction restraining the foreclosure.

Defendants filed answer and plaintiff filed a motion for judgment on the pleadings. The court sustained said motion.

The court, in sustaining the motion ordered and decreed that the indebtedness be paid out of monies in the hands of said executor, and that said deed of trust be released of record. The court further ordered that the temporary injunction be made permanent.

Counsel for both parties are to be commended for having clearly and concisely presented their respective positions, and authorities relied on. We will endeavor to dispose of the issues as briefly as we may.

 Plaintiff received no interest in the real estate mentioned in item 2 of the will. He was given an option to buy, provided that he should accept within six months and pay to the executor $17,000 cash. Farmer v. Littlefield, 355 Mo. 243, 195 S.W.2d 657, 659; 55 Am.Jur. 493. An option is a continuing offer to sell. Lively v. Tabor, 341 Mo. 352, 107 S.W.2d 62, 66, 111 A.L.R. 976; Tebeau v. Ridge, 261 Mo. 547, 565, 170 S.W. 871, L.R.A.1915C, 367. It may be created by will. 69 C.J. 1156, par. 2468. Since no interest in the real estate was devised under the will, Section 468.270 RSMo 1949, V.A.M.S. has no application. See Tebeau v. Ridge, supra.

 An offer to sell real estate for a stated sum without express reservation, is an offer to sell and convey title, free and clear of encumbrance. "The word 'purchase' implies purchase in fee." 55 Am. Jur. 636; 66 C.J. 845, par. 516; 57 A.L.R. 1268, Note 11; Green v. Ditsch, 143 Mo. 1, 12, 44 S.W. 799; Tebeau v. Ridge, supra, 261 Mo. 573, 170 S.W. 871.

"* * * words with a well-known technical meaning should be construed according to their technical meaning unless a contrary meaning clearly appears from the context of the will." Gardner v. Vanlandingham, 334 Mo. 1054, 69 S.W.2d 947, 950; St. Louis Union Trust Company v. Kaltenbach, 353 Mo. 1114, 186 S.W.2d 578, 582. Testator gave plaintiff the option to "purchase" the real estate for $17,000. It will be held that he knew and understood the meaning of the word used. Plaintiff should, therefore, receive a fee simple title, free and clear of encumbrance, unless a contrary intent clearly appears from the context. First Trust Company v. Myers, 351 Mo. 899, 174 S.W.2d 378; 69 C.J. 76, Sec. 1129.

Defendants say that such a contrary intent clearly appears from language appearing in paragraph 1 of item 2, to wit: "* * * my executor who will * * * convey all my right title and interest in said property."

We cannot hold that such language clearly denotes an intent on the part of testator to qualify the type of title optioned. Such a construction would ignore a different but equally reasonable construction, to wit: testator merely intended to authorize his executor to carry out the preceding provision of the will relating to the purchase of the real estate by the optionee, and to facilitate its transfer by the executor. It was

not specified, in the option considered in the Tebeau case, supra, that the property should be conveyed by a specific type of deed. The court held that the optionee could, therefore, demand nothing more than a quitclaim deed; but it was also held that the title thus conveyed should be the whole title, free of encumbrance. The usual form of an executor's deed is one conveying the "right, title and interest" of deceased, Section 463.360 RSMo 1949, V.A.M.S.; and if an executor warrants the title he alone is bound thereby. 33 C.J.S., Executors and Administrators, § 289, p. 1317. This deed was to be made by the executor upon authority provided in the will. One who contracts (as plaintiff did when he accepted the option) for an executor's deed, is not required to accept an encumbered title, 33 C.J.S., Executors and Administrators, § 292, p. 1321; nor does an executory agreement to accept a quitclaim deed constitute a waiver of title defects, or of encumbrances. Davis v. Lee, 52 Wash. 330, 100 P. 752, 755; Wallach v. Riverside Bank, 206 N.Y. 434, 100 N.E. 50, 51; Tebeau v. Ridge, supra.

Defendants contend that whatever rights plaintiff may have had to demand and receive a title free of encumbrance has been waived. In Barger v. Healy, 276 Mo. 145, 157, 207 S.W. 499, it was held that the acceptance of a deed by a purchaser of real estate is a complete execution of a contract to convey, that the contract is merged into the deed, which bespeaks the final agreement; that whatever the rights of the parties are they must be found in the deed. That is the settled law, universally recognized. Employer's Indemnity Corp. v. Garrett, 327 Mo. 874, 38 S.W.2d 1049, 1053.

The reason for the rule is well stated in the cases; but an exception should be made in its application to a case involving a deed made by an executor in compliance with a provision of a will. In the above cited cases, and in many others we have read, the parties to the contract were dealing directly with each other and each was free to act in any manner he might choose. In the case at bar, the contract was between *testator* and plaintiff. The option provided in the will was a gift by testator to plaintiff. Its terms were prescribed by testator. Plaintiff accepted said terms by paying to the executor $17,000. It then became the duty of executor to carry out the contract which had thereby come into existence. He had no power to make a contract different in any material respect from that authorized by testator. It was the duty of the executor to carry out the intention of the testator, as it was expressed in his will; and it is and was the duty of the court to enforce the will of the testator. The executor had no power respecting this sale, except that necessary to performance of his duty under the will. That duty is to sell and convey the real estate to plaintiff for $17,000, not to sell it to him for $24,500. Plaintiff and executor had no authority to make or execute a contract different from that prescribed by testator. Unlike private contracting parties, they are not free to make any contract they may see fit to make and be bound thereby.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.