In re Mack L. **KILLEBREW** and Delores B. **Killebrew.**

Mack L. **KILLEBREW** and Delores B. **Killebrew**

v.

Charles A. **BREWER,** Trustee.

Bankruptcy No. 8500309JC.
Adv. No. 870157JC.

United States Bankruptcy Court, S.D. Mississippi.

Sept. 14, 1988.

Timothy Gowan, Jackson, Miss., for debtors.

Charles A. Brewer, Jackson, Miss., trustee.

### MEMORANDUM OPINION AND ORDER

EDWARD R. GAINES, Bankruptcy Judge.

There came for hearing the Amended Complaint to Turn Over Assets to Debtors

filed by Mack L. Killebrew and Delores B. Killebrew, the Debtors in this Chapter 7 proceeding. Having considered the pleadings, the memoranda submitted by counsel, and the testimony presented at the hearing, the Court is of the opinion that the relief sought by the debtors in the Amended Complaint should be denied and that the $83,932.85 being held by the trustee is property of the debtors' estate which should be administered and distributed according to law.

## I.

One of the debtors, Mack L. Killebrew, was named as a beneficiary in the testamentary trust established in the Last Will and Testament of John Arthur Killebrew, Sr., dated January 23, 1982. The testator died on July 2, 1982. The debtors filed for relief under Chapter 7 of the Bankruptcy Code on February 27, 1985. The first meeting of creditors was held on April 16, 1985. An agreed order abandoning the real property which is the subject of this controversy was executed on April 26, 1985. The debtors received their discharge in this Chapter 7 proceeding July 2, 1985. On or about May 18, 1987, the real property which is the subject of this complaint was sold by the testamentary trustee to John Arthur Killebrew, Jr., the brother of the debtor herein, Mack L. Killebrew. Said brother was also a co-beneficiary under the aforesaid trust. By order of this Court dated July 31, 1987, the First National Bank of Holmes County turned over to the trustee, Charles A. Brewer, the sum of $83,932.85. This money is the subject of the amended complaint filed by the debtors.

Under the terms of the testamentary trust certain farm land located in Holmes County, Mississippi, comprised the corpus. The net rental income from this land was to be used by the trustee to satisfy any federal or state estate taxes due and owing on the testator's estate. Any remaining funds held by the trustee were to be distributed, solely in the discretion of the trustee, in equal shares to the testator's four children, John Arthur Killebrew, Jr., Betty Sue Killebrew Mitchell, James Robert Killebrew, and the co-debtor herein, Mack Leon Killebrew.

The terms of the trust further provided for the sale of the property with the proceeds from the sale to be divided among the aforesaid beneficiaries. If any of the primary beneficiaries died before the property was sold and the trustee distributed the sale proceeds, the trustee was to distribute the deceased child's share per stirpes. Upon completion of the distribution, the trust terminated.

On March 8, 1984, the debtor, Mack L. Killebrew, executed an assignment of his interest in the trust in favor of Guaranty Bank and Trust Company in consideration for a loan of $50,000.00. This assignment was made prior to the sale of the property. Said debtor executed a security agreement in favor of Guaranty Bank and Trust Company specifically assigning his interest in the trust as security for the loan.

As set forth hereinabove, the debtors filed for relief under Chapter 7 of the Bankruptcy Code on February 27, 1985. Mack L. Killebrew did list his interest in the trust in his schedules. However, he showed no value of that interest.

The debtor's explanation was that he considered it a contingent interest and not really an asset of his estate, and takes the position that because it was a contingent interest, it had no value. As set forth hereinafter, the Court disagrees with this position.

At the first meeting of creditors, an attending creditor questioned the value of the trust. The debtor indicated that there was no equity in the property. Pursuant to representations made to the trustee by the debtor, Mack L. Killebrew, that no equity existed in the property, the trustee abandoned the property on or about May 24, 1985. The debtors were granted a discharge on July 2, 1985. For reasons unknown to the Court, this Chapter 7 proceeding has never been closed. Therefore, this is not a case involving the reopening of a Chapter 7 proceeding after its closing. This proceeding also does *not* involve any

**473**

attempt by the trustee to revoke the discharge granted to the debtors.

On or about May 18, 1987, the land was sold in accordance with the terms of the trust for $600,000.00. The net share of the proceeds due to the co-debtor, Mack L. Killebrew, totalled $83,932.85.

As stated above, this Court entered its order on July 31, 1987, directing that said $83,932.85 be turned over to the trustee, Charles A. Brewer, for proper administration in this Chapter 7 proceeding subject to the claims of the debtors or other interested parties. The trustee in this case claims that these proceeds are property of the estate and should be duly administered as such. The debtors claim:

1. That the case should not be reopened approximately two (2) years after the discharge was granted;

2. The property that the trustee now seeks to claim for the estate was fully revealed to him at the time the discharge was granted and that he specifically abandoned it;

3. The property was not part of the bankrupt's estate because all that was possessed by Mack L. Killebrew at the time he filed for bankruptcy was a contingent interest in the property which would vest should he live until the date the property was to be sold and the proceeds distributed; and

4. That because of this contingent interest the debtor's interest in the property was not assignable nor reachable by his creditors under the applicable law and thus under the Bankruptcy Code was not part of the bankruptcy estate.

## II.

There is no question in this Court's mind that under the laws of the state of Mississippi and the U.S. Bankruptcy Code, the interest of the co-debtor, Mack L. Killebrew, in and to the assets of the trust estate were fully vested in the debtor as of the date of filing for relief under Chapter 7 of the U.S. Bankruptcy Code. The interest was not contingent.

As stated above, it is important to bear in mind what this controversy really concerns.

The debtors claim that this case should not be "reopened" approximately two (2) years after a discharge has been granted, and that the discharge should not be set aside. Since this case has *never been closed*, and the trustee does not in any way attempt to set aside the discharge, this particular point is not well taken.

An interesting argument put forth by the debtors is that the alleged contingent interest of the debtor was not assignable nor reachable by his creditors under the applicable law and thus under the Bankruptcy Code was not part of the bankruptcy estate. What makes this argument interesting is the fact that the debtor, Mack L. Killebrew, actually borrowed $50,000.00 against this contingent non-assignable interest and actually entered into a formal assignment thereof to a bank in exchange for $50,000.00 prior to filing this Chapter 7 proceeding.

The real issue is whether or not the trustee's abandonment can be revoked or set aside. It is the opinion of this Court that it can and in this case must be.

The Court finds that the trustee, Charles A. Brewer, abandoned the estate's interest in the trust property pursuant to representations by the debtors that the interest in the trust was purely contingent, and that if the funds ever were received from the trust, there would be no equity for the estate. The listing of the property in the petition and schedules and the representations made to the trustee at the first meeting of creditors, caused the trustee not to look any further with reference to the assets and to believe and rely on the representations of the debtors.

While the exact market value of the property might have been difficult to establish prior to a sale, the debtors knew or reasonably should have known that there would be equity in the trust for distribution to the beneficiaries. When the sale proceeds were finally distributed, there remained $83,932.85 for the debtor, Mack L. Killebrew.

The general rule is that abandonment of property divests the trustee of title, and that an abandonment is irrevocable regardless of subsequent unforeseen enhancement in the value of the property. *In re Polumbo,* 271 F.Supp. 640 (W.D.Va.1967).

An exception to this general rule arises when a trustee is given scant information or misinformation which leads the trustee to rely on the debtor's statements as true, thereby foregoing an in depth investigation. In this particular case, the debtor, Mack L. Killebrew, informed the trustee that his interest in the trust was contingent only and that if it ever vested there would be no equity for the estate.

As stated in the trustee's memorandum, this is not a situation where the property experienced an unforeseen increase in value. The value had actually decreased from the time of the will to the time of the sale.

The abandonment by the trustee was a mistake, primarily resulting from the representations by the debtor, Mack L. Killebrew, that his interest was a contingent interest and that upon the sale there would be no equity for the estate.

As set forth in *Matter of Lintz West Side Lumber, Inc.,* 655 F.2d 786 (7th Cir. 1981), property was abandoned to a creditor that the trustee believed to have a perfected security interest. When the trustee later learned that the security interest was not perfected, he sought to have the abandonment revoked. In upholding the revocation of abandonment, the court stated:

"The trustee is merely attempting to correct the erroneous distribution of property by abandonment to a creditor with a security interest which has subsequently been shown to be unperfected throughout. Under these circumstances, where there has been a mistake in the original abandonment and where the purported secured creditor has not been unfairly prejudiced, we do not believe that the bankruptcy judge is precluded from reconsidering the entry of such an order setting aside a prior abandonment.... If a mistake has been made, it should be corrected, if the correction is not unfairly prejudicial to innocent parties."
*Matter of Lintz West Side Lumber, Inc.,* 655 F.2d at 791 (7th Cir.1981).

The creditors in this bankruptcy proceeding would be unduly prejudiced if this Court were to allow the debtors to keep the $83,932.85. To order a revocation of the abandonment would not prejudice any creditors.

This Court agrees with the trustee that it is the responsibility of the debtors to provide an accurate and complete disclosure of all property in the bankruptcy proceedings. When debtors fail to do so they should not be allowed to profit at the expense of innocent creditors.

For these reasons, the Court is of the opinion that the relief sought in the amended complaint to turn over assets to debtors should be denied and that the trustee should distribute the aforesaid $83,932.85 as provided by law.

SO ORDERED.