**In re Agnes Denise BUCKNER, Debtor.**

**Bankruptcy No. 98–43195–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Sept. 3, 1998.

Timothy P. O'Mara, Summers, Compton, Wells & Hamburg, St. Louis, MO, for trustee.

Gary D. Bollinger, St. Louis, MO, for debtor.

Teresa A. Generous, Greensfelder, Hemker & Gale, P.C., St. Louis, MO, for TDG.

## ***ORDER***

JAMES J. BARTA, Chief Judge.

The question presented in this matter is whether a Chapter 7 Trustee may revoke his notice of abandonment of certain real property. After a hearing on August 25, 1998, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (*O*) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri. This is a final Order of the Bankruptcy Court.

The facts in this matter are essentially not disputed. Agnes Denise Buckner, the Debtor, filed the voluntary Chapter 7 Petition in this case on March 20, 1998. On that date, the Debtor was a party to an agreement with TDG Acquisition Corporation ("TDG") dated January 14, 1998. As stated in the document, the Debtor and TDG had agreed "to reinstate the Option Contract and to extend the period of time during which the Buyer [TDG] may exercise the option to purchase the property as otherwise provided in the Option Contract through and until April 15, 1998." **EXHIBIT 1,** *Trustee's Motion to Vacate Abandonment of Real Property.* At the hearing in this matter, David A. Sosne, the Chapter 7 Trustee ("Trustee"), reported through his attorney that the TDG option provided for a purchase price of $93,400.00. The documents submitted in this proceeding reflect that the initial agreement between these Parties was dated December 4, 1995. Thereafter, it became the Parties' course of dealings to either extend or reinstate the original option based on the agreement dated December 4, 1995. By a document dated June 11, 1998, the option to purchase was again reinstated and extended through June 17, 1998. Prior to the expiration of the option, TDG notified the Debtor that it was exercising its right to purchase the property.

The Trustee had no knowledge of the existence of the Option Contract until he was contacted by TDG after TDG had exercised the option to purchase the property from the Debtor.

The commencement of a bankruptcy case creates an estate that is comprised of all legal or equitable interests of a debtor in property as of the commencement of the case. 11 U.S.C. § 541(a). In her Bankruptcy Schedules and Statement of Affairs, the Debtor did not list or otherwise describe either the Option Contract, her interest in the Option Contract, the other party to the Option Contract (TDG), or her offer to sell the property to TDG. In her Bankruptcy papers, the Debtor omitted any reference to the possibility that an entity held an option to purchase her real property for the price of $93,400.00. In her Schedules and Statement of Affairs, and at the Meeting of Creditors when questioned by the Trustee, the Debtor represented the fair market value of the property as being the amount of $35,000.00. The Debtor stated further that the property was subject to liens that secured obligations in the approximate amount of $41,000.00, but did not report the asset that was the possible additional value represented by the option.

Based upon the Debtor's misinformation and omissions, the Trustee abandoned the estate interest in the Debtor's interest in the real property when he submitted a "341 Minute Report" on April 30, 1998. The record here has indicated that the Debtor did nor report or otherwise describe the TDG option until after the Trustee was contacted by TDG.

The hearing on the Trustee's motion to vacate the abandonment of the real property was conducted on August 25, 1998. The Trustee and the Debtor appeared by their respective counsel and presented oral arguments upon the record. Counsel for TDG appeared and announced that TDG took no position with respect to the Trustee's motion, but that her client stood ready and willing to purchase the real property under the terms of the Option Contract. The Debtor opposed the Trustee's motion to revoke on several grounds including the assertion that the Op-

tion Contract was neither an asset nor a component of the Debtor's estate.

■ Under Missouri law, an option is generally regarded as the personal property of the optionee (in this case, TDG). See *Estate of Nowell*, 607 S.W.2d 792 (Mo.Ct.App.W.D. 1980). An option is a continuing offer to sell. *Hirlinger v. Hirlinger*, 267 S.W.2d 46, 49 (Mo.Ct.App.1954). In the matter being considered here, the option was an offer to sell the real property at a fixed price. The fixed price was considerably larger than the value proffered by the Debtor in the Bankruptcy proceeding. Although the Debtor listed her ownership interest in the real property and the debt secured by a lien on the property, she failed to list or describe her continuing offer to sell the property, even though the Option Contract extended beyond the date of commencement of the case.

■ In a Chapter 7 case, a debtor is required to file a list of creditors; a schedule of assets and liabilities; a schedule of current income and current expenditures; and a statement of his or her financial affairs. 11 U.S.C. § 521(a). Section 521 mandates that a debtor schedule his or her participation, whether as a grantor or as an optionee, in an Option Contract that relates to the purchase or sale of property of the estate. If, as described here, the contract has not expired as of the commencement of the case, a debtor's interest in the property, including the ability to convey title under the contract, becomes property of the estate. If the option is exercised during the pendency of the case, the sale of the property of the estate can be made only by the Trustee, unless the interest in the property and in the option contract are no longer property of the estate. In the circumstances here, the Debtor's failure to schedule or otherwise disclose her participation in an option contract was at least misleading. As a result of the Debtor's omissions, the Trustee was lead to believe that the value of the Debtor's real property was less than the amount of the secured debt.

■ Generally, abandonment of estate property may be accomplished in one of three ways: the Trustee may abandon specific property that is burdensome to the estate or that is of inconsequential value or benefit; the Court may order property abandoned upon the request of a party in interest; or property that is scheduled under Section 521(a) and not otherwise administered is abandoned to the debtor at the close of the case. 11 U.S.C. § 554. See also *Vreugdenhill v. Navistar International Transportation Corporation*, 950 F.2d 524 (8th Cir. 1991). In the matter being considered here, notice was given to all creditors and parties in interest (except TDG because it was not listed by the Debtor) that the Trustee might abandon specific property at the meeting of creditors. In fact, the Trustee abandoned the interest in this real property on April 30, 1998 after concluding the meeting of creditors where the Debtor had testified as to its value, without disclosing the existence of the option contract.

■ The effect of abandonment of property is to remove an asset from the Bankruptcy estate. Absent certain limited circumstances, a trustee's decision to abandon property, once accomplished, is irrevocable. However, if the trustee's decision was based on incorrect information provided by another entity, or on misinformation that was reasonably relied upon, or on a material omission by a debtor, the abandonment may be set aside to permit administration of the asset. See *Compass Bank For Savings v. Billingham (In re Graves)*, 212 B.R. 692, 695 (1st Cir. BAP 1997); *In re Killebrew*, 101 B.R. 471 (Bankr.S.D.Miss.1988); *In re Bogert*, 104 B.R. 547 (Bankr.M.D.Ga.1989).

■ In the circumstances presented here, several factors provide support for the Trustee's motion: the Trustee relied upon the Debtor's Schedules, Statement of Affairs, and responses presented under oath, when he decided to abandon the estate interest in the Debtor's interest in the real property; the Bankruptcy case has not been closed; the buyer has expressed its intention to purchase the property; and there is at least a reasonable possibility that creditors are likely to receive a distribution if the property is administered by the Trustee. The Trustee's reliance on the Debtor's responses in this matter was reasonable and would have been

anticipated in the absence of information concerning the existence of the Option Contract. The appropriate remedy under these circumstances is to allow the property to be brought back into the estate for the benefit of all creditors.

**IT IS ORDERED** that this matter is concluded; and that the Trustee's motion to vacate the abandonment of the estate interest in real property as described in this case is **GRANTED;** and that the Trustee's abandonment of "Sch. A Property", filed on April 30, 1998, is **SET ASIDE and VACATED;** and

That the Trustee is directed to continue his administration upon the assets of this estate including the estate interest in the Option Contract with TDG and the related assets, and the estate interest in the real property described in this Bankruptcy case.