**In re Ann W. BRAME.**

**Ann W. Brame, Plaintiff,**

**v.**

**Trustmark National Bank and Equitable Life Assurance Society of the United States, Defendants.**

**Bankruptcy No. 83–20052.
Adversary No. 00–1203.**

United States Bankruptcy Court,
N.D. Mississippi.

Aug. 31, 2000.

Robert Bradley Best, Oxford, MS, Beth L. Orlansky, Jackson, MS, for defendants.

Richard T. Phillips, Batesville, MS, for plaintiff.

*ORDER OF REMAND*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for remand having been filed by

the plaintiff, Ann W. Brame; response to said motion having been filed by the defendant, Trustmark National Bank; and the court, having heard and considered same, hereby finds, orders, and adjudicates as follows, to-wit:

## I.

### UNDERLYING FACTS

The cause of action, filed by Ann W. Brame (Plaintiff), was originally commenced in the Chancery Court of Panola County, Mississippi, against the defendants, Trustmark National Bank (Trustmark) and Equitable Life Assurance Society (Equitable). The complaint sought a determination as to the ownership of certain death benefits payable on two life insurance policies issued by Equitable on the life of the plaintiff's husband, Julius Brame (Mr. Brame).

The cause of action was removed by Trustmark to the United States District Court for the Northern District of Mississippi where it was then referred to this bankruptcy court so that a determination could be made as to the effectiveness of an abandonment report that had been entered during the administration of the plaintiff's bankruptcy case slightly more than seventeen years ago. (The implications of this event will be discussed more fully hereinbelow.) The plaintiff filed a motion to remand to the Chancery Court of Panola County pursuant to Rule 9027(d), Federal Rules of Bankruptcy Procedure.

As noted in the Advisory Committee note to the 1991 amendment to Rule 9027, an order of remand may be entered by the bankruptcy court subject to an appeal to the district court. However, as set forth in 28 U.S.C. § 1452(b), an order entered by the district court, remanding the proceeding or declining to remand, is not reviewable by appeal to the court of appeals.

Mr. Brame collaterally assigned the two subject life insurance policies to Trustmark's predecessor in interest, First National Bank of Jackson, Mississippi, as security for debts owed to the bank totaling over $300,000.00. Trustmark has retained the life insurance policies, as well as, the collateral assignments in its possession since their issuance and execution. Mr. Brame filed an individual Chapter 7 bankruptcy case and received a discharge as to his personal liability on his debts.

Subsequently, the plaintiff, Mrs. Brame, filed a separate Chapter 7 bankruptcy case and received a discharge. During the administration of her case, the Chapter 7 trustee, Alex B. Gates, filed a Report of Abandonment, dated May 6, 1983, which specifically addressed the two life insurance policies in addition to other collateral which secured the bank's debt. In keeping with procedures in effect at that time, once the ten day period within which a creditor or party in interest could object to the proposed abandonment by the trustee had expired, the abandonment became effective. A court order was not necessary to officially authorize the trustee's action since the Report of Abandonment procedure complied sufficiently with the dictates of § 554(a) of the Bankruptcy Code.

Initially, Mr. Brame was the owner of the two life insurance policies which had a face value of $250,000.00. The ownership of the policies was transferred to the plaintiff on September 20, 1982, but specifically subject to the bank's collateral assignments. By the time that the plaintiff filed her bankruptcy case, the insurance policies had accumulated cash surrender values totaling approximately $20,000.00, but these too were subject to the bank's collateral assignments. According to the affidavit of T. Harris Collier, III, General Counsel for Trustmark, because of a "disability premium waiver" contained in the policies, no

premiums were due following the date of Mr. Brame's discharge in bankruptcy. As such, the policies remained in full force and effect until the death of Mr. Brame in January, 2000. The full face amount of both policies became payable at that time.

In her complaint, the plaintiff asserts that, as the beneficiary under both policies, the death benefits should be payable to her. Trustmark contends that the collateral assignments are still valid, and that, therefore, the death benefits are still considered collateral securing the unpaid balance of the debts owed by Mr. Brame.

## II.

### ISSUES

■ In briefing her motion to remand, the plaintiff's attorneys indicated that the issues in this cause of action are the following:

1. Whether a collateral assignment of a life insurance policy to secure a loan gives a creditor an unlimited right to claim the proceeds of life insurance policies regardless of when the insured dies;

2. Whether the life insurance exemption statute, Miss.Code Ann. § 85–3–11 (specifically the 1983 version of the statute) entitles a designated beneficiary such as Mrs. Brame to exempt life insurance benefits from the claims of creditors of the insured, and if so, to what extent; and

3. Whether the applicable Mississippi statute of limitations bars Trustmark's efforts to use the "assignments" to collect the policy proceeds to satisfy a debt incurred by Mr. Brame nineteen years ago.

Perhaps, a determination of some or all of the aforementioned issues may be necessary to ultimately resolve the dispute between the plaintiff and Trustmark. However, this court has been asked to initially determine the implications of the trustee's Report of Abandonment, mentioned hereinabove.

## III.

### DISCUSSION

■ At the time of the trustee's abandonment, the debt to Trustmark's predecessor greatly exceeded the cash surrender value of the two insurance policies. As such, the trustee had no reason not to abandon the policies. As contemplated by the language of § 554(a) of the Bankruptcy Code, they had an inconsequential value to the estate and would have been burdensome for the trustee to administer. It should be noted that the trustee's abandonment election is irrevocable unless the trustee was defrauded into taking this action. *See, In re Killebrew,* 101 B.R. 471 (Bankr.S.D.Miss.1988).

Once the policies were abandoned, they no longer were considered property of the bankruptcy estate. They were not abandoned specifically to either Trustmark or the plaintiff. The trustee simply relinquished his interest insofar as the bankruptcy estate was concerned, *subject, however, to the respective legal rights of the lien holder or the beneficiary/owner. See, In re Gassaway,* 28 B.R. 842 (Bankr. N.D.Miss.1983), and *Brookhaven Bank & Trust Co. v. Gwin,* 253 F.2d 17 (5th Cir. 1958). Since there are no bankruptcy implications subsequent to the abandonment of the policies, the efficacy of the collateral assignments in this proceeding must be determined according to state law.

■ Trustmark has raised the issue of the debtor's decision not to claim the insurance policies as exempt assets in her bankruptcy schedules. At the time of her bankruptcy filing, the plaintiff had no reason to do so. The proceeds payable at the

death of Mr. Brame had not come into existence, and the cash surrender values were obviously subject to the collateral assignments. If this bankruptcy case were reopened, and, to date, it has not been, the plaintiff could amend her exemption claims to assert an exemption under § 85-3-11, Miss.Code Ann., specifically the version that was in effect when the plaintiff's bankruptcy case was filed. (For a discussion of this identical issue, the court would refer the parties to the opinion and order entered in *In re Robert Jordan and Lena Jordan*, Case No. 91–12479, *Equitable Life Assurance Company, Plaintiff, versus Union Planters National Bank of Northeast Mississippi. National Association, d/b/a Union Planters Bank of New Albany, Mississippi; and Lena Hoover Jordan, Defendants*, 276 B.R. 434 (Bankr. N.D.Miss.2000), a copy of which is appended hereto and incorporated herein by reference.)

Indeed, when all is said and done, the plaintiff may wish she had availed herself of the opportunity to reopen her bankruptcy estate and utilize the version of the exemption statute that was applicable when her bankruptcy case was being administered. A non-bankruptcy forum could choose to disregard the timing of the bankruptcy filing and apply the version of § 83-3-11, Miss.Code Ann., that was applicable at the date of Mr. Brame's death.

Regardless, since there will be no impact at this time on the administration of the bankruptcy case, particularly since the plaintiff wishes to proceed in a non-bankruptcy forum, any decisions concerning the continuing validity of the collateral assignments and the plaintiff's ability to assert her state law exemption claim(s) can be appropriately adjudicated in the Chancery Court of Panola County, Mississippi.

This court would hasten to point out that Mr. Brame's discharge in bankruptcy only relieved his personal liability to Trustmark. It had no effect whatsoever on the enforceability or validity of the collateral assignments.

It Is, Therefore, Ordered and Adjudged that this proceeding be remanded to the Chancery Court of Panola County, Mississippi. The motion for summary judgment filed by Trustmark is moot insofar as this court is concerned and, therefore, must be overruled.